### CLARK TRAVIS *vs.* JONATHAN P. BISHOP.

When personal property is mortgaged, without a delivery thereof to the mortgagee, and the mortgage is not recorded, a party who buys the property of the mortgagor, and takes possession of it, though he has knowledge of the mortgage, will hold the property against the mortgagee.

TROVER for a horse. At the trial in the court of common pleas, before *Merrick,* J. the plaintiff gave evidence that the horse was conveyed to him, by Seth C. Hawes, by a mortgage dated January 11th 1845, (but which was never recorded,) as security for a debt due from said Hawes to him. He also gave evidence tending to show that the defendant, who purchased the horse of said Hawes, after the making of the mortgage, was fully informed thereof, and of its continued existence.

The defendant contended that, as he was a subsequent purchaser of the horse, for a valuable consideration, he was

entitled to hold it against the plaintiff, because there never had been a delivery of the horse to the plaintiff. But the court ruled, and instructed the jury, that the plaintiff was entitled to recover, if the defendant, at the time of his purchase of the horse, was informed and notified of the transaction between the plaintiff and said Hawes, and of the making of the mortgage and its continued existence. The jury returned a verdict for the plaintiff, and the defendant filed exceptions to the ruling and instructions of the court.

*G. M. Brown,* for the defendant. The want of delivery of the horse to the plaintiff is alone fatal to his cause. By *St.* 1832, *c.* 157, § 1, and Rev. Sts. *c.* 74, § 5, "no mortgage of personal property shall be valid against any other person than the parties thereto, unless possession of the mortgaged prop‐ erty be delivered to, and retained by, the mortgagee, or unless the mortgage be recorded," &c. Recording is the only sub‐ stitute for possession. *Bullock* v. *Williams,* 16 Pick. 33. The contract between the plaintiff and Hawes would have been invalid, if it had not been in writing; and it is equally invalid for want of delivery. *Lanfear* v. *Sumner,* 17 Mass. 113. *Bonsey* v. *Amee,* 8 Pick. 236.

The defendant's knowledge of the mortgage cannot avail the plaintiff, against the express provision already cited from Rev. Sts. *c.* 74, § 5. But this question need not be decided, in the present case; the other ground of defence being suffi‐ cient. But if it were otherwise, and the defendant could be affected by notice of the mortgage, yet trover would not lie against him; for, on that view of the matter, he bought only an equity of redemption. See *Doe* v. *Allsop,* 5 Barn. & Ald. 142.

*Train,* for the plaintiff. There is no reason why any dif‐ ference should be made as to the effect of actual notice of a mortgage of personalty, and of a deed conveying real estate. The defendant's contract with Hawes was fraudulent, as against the plaintiff, and he cannot avail himself of his own fraud, in defence. *Bonsey* v. *Amee,* 8 Pick. 236. *Smith* v. *Moore,* 11 N. Hamp. 55. The case of *Lunt* v. *Whitaker,* 1

26 *

Fairf. 310, shows that trover is the proper action in this case and that retaining possession, after delivery, is not necessary.

SHAW, C. J. There having been no delivery of the horse, and no registration of the mortgage, the plaintiff has not established his title to the property, so as to maintain this action against the defendant, who claims under a sale and delivery, and is not a party to the mortgage. The provision in the Rev. Sts. *c.* 74, § 5, conforms, in terms, to *St.* 1832, *c.* 157, § 1, under which the court decided the case of *Bullock* v. *Williams*, 16 Pick. 33. That case proceeded on the ground that, by force of the statute, registration was sufficient to give effect to a mortgage of personal property capable of being identified by a written description. But it seems to be distinctly implied, from the case, that without either possession or registration, the mortgage could not be valid, either by common law or by statute. A new trial will be ordered, unless the plaintiff elects to become nonsuit.