NATHANIEL E. CHASE *vs.* JOHN B. INGALLS.

Suffolk.     March 6. — 12, 1877.     ENDICOTT, J., absent.

A lessee, who is in possession of chattels under a lease, by the terms of which he is to pay for them by instalments until the entire price is paid, when the claim of the lessor is to cease, and the lessor may, on failure to pay an instalment, take possession and terminate the lease, has, after failure to pay an instalment and before possession has been taken by the lessor, such a right of property in the chattels that he can convey a good title to them in mortgage, as against an officer who attaches them as the property of the lessee.

TORT for the conversion of certain furniture. The answer contained a general denial, and alleged that the furniture was attached by the defendant, as a deputy of the sheriff of Suffolk, by virtue of a writ against Alexander M. Munroe.

At the trial in the Superior Court, before *Gardner*, J., the plaintiff proved a demand upon the officer more than ten days before bringing the action; and put in evidence a mortgage upon the furniture given him by Munroe, dated May 27, 1875, and recorded on May 28, 1875, upon which the plaintiff based his title to the property; and which was admitted by the defendant to have been made for a good consideration, and taken by the mortgagee in good faith.

The defendant offered evidence tending to show that Munroe had taken two leases of the furniture of the owner, one Campbell, one dated March 19, and the other dated April 9, 1875; that upon part payment of the bill Munroe was put in possession of the furniture and remained in possession until it was taken from him by the defendant; and that the leases contained a provision that the lessee should pay Campbell " for the use or rent of said property a certain sum per week until the sum so

to be paid for use or rent shall amount to a specified sum, and then all rent and claim of said Campbell or his legal representatives for said furniture are to cease," and that if Munroe neglected to pay the sum, then Campbell or his legal representatives might immediately take possession of the property and thereby terminate the leases. There was also evidence tending to show that Munroe failed to pay the rent as it became due; that on May 4, 1875, Campbell transferred the leases and all his interest in the property leased to Timothy D. Baker by an indorsement upon the leases, and Campbell at the trial disclaimed any right of property in himself; that the full amount called for by the leases was never paid; that, after the mortgage to the plaintiff, the defendant, as a deputy sheriff, attached the property upon a writ against Munroe. There was conflicting evidence as to the date of the transfer to Baker, Baker and Campbell testifying that it was after the attachment. Baker testified that he had never made any claim upon the officer for the goods, and there was evidence tending to show that Baker was present at a conversation between Munroe and the plaintiff, wherein it was proposed to give the mortgage to the plaintiff; that the plaintiff inquired in the présence of Baker if the property was all clear and was assured that it was, and that the consideration of the mortgage was the release of a certain right of the plaintiff at the request of Baker, which conversation Baker testified was prior to the transfer of the leases. Baker contended that at this conversation he told the plaintiff that he had a claim on the goods about to be mortgaged. The plaintiff testified that the mortgage was made the day of this conversation, and the release given within about one hour of the conversation. Baker further testified that he had never taken possession of the furniture though the rent was unpaid, but permitted Munroe to have the use and possession, and exercised his authority over the same only by notifying off attachments.

Upon this evidence the defendant asked the judge to instruct the jury: "1. That by the leases of Campbell to Munroe the latter acquired no title which he could convey by mortgage deed to the plaintiff. 2. That if the jury find that Campbell assigned the leases to Baker for a valuable consideration, then the title is in Baker and the plaintiff cannot maintain this action."

The judge refused to give the first instruction and the second as prayed for; but did instruct the jury that the question for them to determine was, who had the better title to the furniture, the plaintiff or the defendant, both claiming title through Munroe; that they should determine whether Munroe had any title by which he could make a mortgage; that if they believed that Munroe had possession of the furniture by the consent of the lessor, or of his assignee, then by such possession he would be enabled to convey a title by the mortgage deed to the plaintiff which would convey the better right so far as the defendant was concerned, and would enable the plaintiff to maintain this action; that they should also consider whether Baker, upon the evidence in the case, took possession; if he did not, then the plaintiff's title was the better; if he did, then it was not; and that, if Baker did take possession, and permitted this mortgage to be made by Munroe for his own benefit and with Baker's knowledge, without giving the plaintiff notice of his title, then they might find that Baker waived his right as against the plaintiff to the furniture, and the plaintiff might maintain this action. The jury found for the plaintiff; and the defendant alleged exceptions.

*D. C. Linscott*, for the defendant.

*M. A. Blaisdell*, for the plaintiff,

BY THE COURT. Munroe had the legal possession, and a right in the property, which he might convey. *Currier* v. *Knapp*, 117 Mass. 324. His mortgage passed to the plaintiff that right of property, with a corresponding right of possession, which was good as against Munroe, and against any one attaching the property as his. *Harrington* v. *King*, 121 Mass. 269.

*Exceptions overruled.*