HENRY PELS AND COMPANY *vs.* MYER M. MILLEN & another.

Middlesex.    February 26, 1906. — May 17, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Equity Pleading and Practice*, Appeal.    *Equity Jurisdiction*, Equitable replevin.

On an appeal in equity where the testimony is largely oral and is conflicting, the findings of the trial judge are to stand unless they appear to be clearly wrong.

Evidence that the defendant had in his possession a certain machine belonging to the plaintiff and that when the plaintiff undertook to obtain possession of it by a writ of replevin the defendant concealed from the officer certain essential parts of the machine which had been taken from it by him so that the officer could not serve the writ properly, is sufficient to sustain a bill of equitable replevin under R. L. c. 159, § 3, cl. 1.

BILL IN EQUITY, filed June 26, 1905, under R. L. c. 159, § 3, cl. 1, by a corporation organized under the laws of the State of New York under the name Henry Pels and Company, against certain persons doing business as copartners under the name of the Cambridge Architectural Iron Works, to compel the redelivery of a certain machine alleged to have been detained from its owner, the plaintiff, and so secreted and withheld that it could not be replevied.

In the Superior Court the case was heard by *Sheldon*, J., who made a decree for the plaintiff granting the relief substantially as prayed for against the defendants Myer M. Millen and Joseph Millen, and ordered that the bill be dismissed as to one Chaderofsky, who was alleged in the bill to have been a copartner

with the other defendants but was found by the judge not to have been such a partner.

The defendants Myer M. Millen and Joseph Millen appealed.

*D. Stoneman*, for the defendants.

*G. F. Tucker & F. S. Harlow*, for the plaintiff.

HAMMOND, J. There were three defendants named in the bill, but the trial judge found that the defendant firm consisted only of the defendants Myer M. Millen and Joseph Millen, and the final decree runs against them only. Hence we shall hereinafter use the word "defendants" as including only them.

The case is before us upon an appeal from the final decree for the plaintiff, the whole evidence being reported. By the contract as it originally stood, two machines were conditionally sold to the defendants on credit, the title to remain in the plaintiff corporation until fully paid for. Subsequently one of the machines was taken back by the plaintiff, and the other was kept in the shop of the defendants. At the trial it was contended by the defendants that this subsequent arrangement entirely annulled the old contract, and was a new contract between the plaintiff and the defendant Joseph Millen, by the terms of which there was an absolute sale of the machine then in the shop of the defendants to the said Joseph as an individual, and that in this new contract there was no stipulation that the title should remain in the vendor until paid for; and Joseph testified in support of this contention. On the other hand the plaintiff contended that the subsequent agreement did not result in the sale to the defendant Joseph of the machine kept, but that as to that machine the original contract remained as before, and the provision that the title should remain in the vendor until the machine was fully paid for still stood.

The evidence was largely oral and conflicting. The judge at the close stated that he was satisfied that the testimony of Mr. Maddaus, who testified in support of the plaintiff's contention, was true, and that the testimony of Joseph Millen was not true. In a case like this the rule is that, where the testimony is largely oral, the findings of the trial judge, who has an opportunity to see the witnesses, are to stand unless they appear to be clearly wrong. We have carefully examined the testimony and agree with the trial judge that the provision of the original contract

with reference to the title to the machine which was not returned was never abrogated. Payments not having been made as required by the contract, the plaintiff corporation was entitled to the possession of the machine.

The evidence clearly shows that when the plaintiff undertook to obtain possession of it by a writ of replevin, the defendants concealed from the officer certain of the essential parts, which had been taken from it by them, so that he could not properly serve the writ; and further that they have continued to secrete and withhold these parts so that they cannot be replevied. The case therefore is clearly within R. L. c. 159, § 3, cl. 1.

*Decree affirmed.*