LILLIE A. KEEPERS *vs.* HERMANN C. FLEITMANN & others.

Worcester.    October 1, 1912. — January 2, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DECOURCY, JJ.

*Mortgage,* Of personal property.    *Sale,* Conditional.

A person in possession of chattels as the vendee under a contract of conditional sale has a special property in them which he can mortgage.

Where the owner of personal property successively executes mortgages of it to two different persons, and neither of the mortgages is recorded within the time fixed by R. L. c. 198, § 1, if either of the mortgagees obtains delivery of the property from the mortgagor and thereafter retains it, his mortgage is valid against the other mortgagee.

Where the holder of an unrecorded mortgage of personal property takes possession of the property under a right given him by the mortgage, the property has been delivered to him within the meaning of R. L. c. 198, § 1.

In an action for the alleged conversion of certain personal property, which had been mortgaged by the owner successively to the plaintiff and to the defendant by mortgages which were not recorded as required by R. L. c. 198, § 1, if it appears that, after the defendant lawfully had taken possession of the property under his mortgage and had put a paid agent in charge of it, the plaintiff induced such agent to agree to hold the mortgaged property for the plaintiff under the plaintiff's mortgage and that such person who had been employed as the defendant's agent did thereafter hold possession for the plaintiff, this does not show a delivery of the mortgaged property by the mortgagor to the plaintiff within the meaning of R. L. c. 198, § 1; and, if the violation of the agent's duty to the defendant was procured for the plaintiff by the mortgagor, this does not better the plaintiff's position, because a delivery to one mortgagee of property taken out of the rightful possession of another mortgagee by the joint wrongful act of the recipient and the mortgagor is not a delivery within the meaning of that statute.

LORING, J.    This is an action for the conversion of thirty-three knitting machines, admittedly personal property.    The presiding judge * directed a verdict for the defendants on the plaintiff's evidence, and the case is here on an exception to that ruling.

The facts proved by the plaintiff were as follows: The machines were manufactured by the Wildman Manufacturing Company and sold to the Worcester Knitting Mills under a conditional contract of sale at some time before July 1, 1907.    This conditional sale was not fully complied with until after the conversion here complained of, but the machines were not retaken by the vendor.    On July 1, 1907, these machines were mortgaged to the plaintiff by

* *Lawton,* J.

the Worcester Knitting Mills to secure the payment of $5,000, and in February, 1909, together with all the other property of the mills (except raw material and merchandise in process of manufacture) they were mortgaged to the defendants to secure the payment of $55,130.37. In the summer of 1909 the Worcester Knitting Mills stopped and did not afterwards resume the operation of its factory; and on January 3, 1910, the defendants at a foreclosure sale under their mortgage sold these machines with the other property covered by it. Thereupon, on January 19, 1910, this action was brought for the conversion of the machines, and the foreclosure sale was relied on by the plaintiff as the act of conversion.

It is settled that a vendee of personal property in possession of it under a conditional contract of sale has a special property in it which he can mortgage. *Chase* v. *Ingalls,* 122 Mass. 381. *Dame* v. *Hanson & Co.* 212 Mass. 124. Neither of the mortgages in the case at bar was recorded within the time fixed by statute. R. L. c. 198, § 1. Under these circumstances, if either one of the two mortgagees obtained delivery of the property and thereafter retained it, his mortgage was valid. *Carpenter* v. *Snelling,* 97 Mass. 452. *Tatman* v. *Humphrey,* 184 Mass. 361, 362. Where a mortgagee having by virtue of his mortgage a right of possession takes possession, the property has been delivered to him within the meaning of the statute. *Tatman* v. *Humphrey,* 184 Mass. 361, 362. *Humphrey* v. *Tatman,* 198 U. S. 91.

The plaintiff's evidence showed that although the real estate of the Worcester Knitting Mills remained in its possession until the foreclosure sale on January 3, 1910, the defendants took possession of the machines here in question "in the early part of December," through one Crane, who was sent and paid by them for so doing. The plaintiff's contention is that her evidence warranted a finding that at the request of the plaintiff's husband Crane (hired by the defendants to keep possession for them) agreed to hold and did thereafter hold possession of the machines for the plaintiff, and that thereby the plaintiff's mortgage became and the defendants' ceased to be valid.

The provision of the statute (R. L. c. 198, § 1) is that if "the property mortgaged has been delivered to and retained by the mortgagee," the mortgage is valid "against a person other than

the parties thereto," as well as between the parties. The statute contemplates a delivery by the mortgagor to the mortgagee. As we have already stated, a delivery of possession is made out within the statute if possession is taken by a mortgagee under a right given him in the mortgage so to do. But in the case at bar, if the plaintiff obtained possession of these machines at all, she obtained it wrongfully through a violation of the duty which Crane owed to the defendants. On his own testimony the plaintiff's agent knew that Crane had been sent to take possession of these machines for the defendants, and yet (it is the plaintiff's contention) he induced Crane to turn over the machines to the plaintiff and thereafter to hold them for her while being paid to hold them for the defendants. As against the Worcester Knitting Mills (the mortgagor) the plaintiff had the right of possession. But as against the defendants who had legal possession, which possession was a rightful one, the plaintiff did not have a right to take possession. The plaintiff obtained physical possession (if she did obtain physical possession) by inducing the defendants' servant to give physical possession to her in violation of his (the servant's) duty to the defendants, his principal. Possession so obtained is wrongfully obtained, and as against the defendants is a wrongful possession. In our opinion possession so obtained is not the equivalent of a delivery of the mortgaged property by the mortgagor to the mortgagee within R. L. c. 198, § 1.

The plaintiff's position in the case at bar is not bettered by the fact that the plaintiff's agent (who procured the agreement by Crane to hold for the plaintiff in violation of the duty owed by him [Crane] to the defendants) was treasurer, president and general manager of the Worcester Knitting Mills. A delivery to one mortgagee of property taken out of the legal rightful possession of another mortgagee by the joint wrongful act of the mortgagee first named above and the mortgagor in our opinion is not a delivery within R. L. c. 198, § 1.

It becomes unnecessary to consider the other difficulties which lie in the way of the maintenance of the action on the evidence introduced by the plaintiff.

*Exceptions overruled.*

*E. J. McMahon,* for the plaintiff.
*J. R. Thayer & H. H. Thayer,* for the defendants.