NATHAN SALLINGER *vs.* COLLATERAL LOAN COMPANY.

Suffolk. May 22, 1913. — June 17, 1913.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DE COURCY, JJ.

*Conversion. Sale,* Conditional. *Damages,* In tort, Mitigation.

In an action for the alleged conversion of a diamond ring, where it appeared that the plaintiff had delivered the ring to a conditional purchaser, under a contract by which the title was to remain in the plaintiff until the purchase money was paid and the purchaser until such payment was not to sell or pledge the ring, and that such purchaser, without having paid for the ring, pawned it to the defendant, the presiding judge instructed the jury that the burden was upon the plaintiff to show that there had been a default on the part of the purchaser and consequently that at the time of bringing the action the plaintiff had the title to the ring and the right to its possession, and that, if he had such right, he still must

prove a demand upon the defendant and a refusal to deliver the ring to the plaintiff. The jury returned a verdict for the plaintiff. *Held,* that the verdict was warranted, that the instructions were correct and that the defendant had no ground for exception.

In an action for the alleged conversion of a ring wrongfully pawned to the defendant by a conditional purchaser to whom the plaintiff had delivered it, where it appears that the plaintiff demanded the ring from the defendant who refused to give it up, such demand and refusal are proof of a conversion upon which the plaintiff's right to damages became complete, and, if at the trial the defendant offers the ring to the plaintiff in reduction of damages, the plaintiff has the right to refuse to receive it and to insist on full payment in cash.

TORT for the alleged conversion of a diamond ring. Writ in the Municipal Court of the City of Boston dated November 16, 1910.

On appeal to the Superior Court the case was tried before *Keating,* J. The material facts are stated in the opinion. The judge refused to rule at the request of the defendant that upon all the evidence the plaintiff was not entitled to recover. He also refused to make other rulings requested by the defendant, except as embodied in his charge, and gave the instructions which are described in the opinion.

During the trial the defendant offered to return to the plaintiff a diamond ring, which it asserted was the one pledged to the defendant by Capone, mentioned in the opinion. The ring was alleged to be in the same condition as when received by the defendant in pledge. The defendant offered to show in mitigation of damages that it had offered at the trial to return the property alleged to have been converted. The plaintiff objected and contended that the offer should not be considered, as it came too late, and that an unaccepted offer to return the ring could not be considered in mitigation of damages. The judge ruled that the offer thus made could not be considered in mitigation of damages, and refused to require the plaintiff to receive the ring, and excluded all evidence offered by the defendant to show that such an offer had been made during the trial. The defendant excepted.

The jury returned a verdict for the plaintiff in the sum of $127.94; and the defendant alleged exceptions.

The case was submitted on briefs.

*C. W. Rowley,* for the defendant.

*A. K. Cohen & H. A. Mintz,* for the plaintiff.

HAMMOND, J. This is an action for the conversion of a diamond ring delivered by the plaintiff to one Capone under a conditional

sale, the terms of which so far as material to this case were that the buyer should pay $2 per week; that he should keep the ring in his possession in like good order and condition as when received, reasonable use excepted, and should not sell or attempt to sell, mortgage, pledge or let it; that the title to the ring should remain in the plaintiff until it was fully paid for, and that if the buyer failed to make any payment when due, or to keep any other of his agreements, he should surrender the ring to the plaintiff, "without process of law or on demand." Some time after the delivery of the ring Capone caused it to be pawned to the defendant to secure the payment by him (Capone) to the defendant of a loan of $40.

Upon the evidence we are of opinion that the questions, whether there had been a default in the payment of the money or in any other respect on the part of Capone, and whether before the action was brought there had been due demand made upon the defendant and a refusal by it to give up the ring, were for the jury. The jury were in substance instructed in language clear, apt and well calculated to help them, that the burden was upon the plaintiff to show that there had been a default on the part of the purchaser and consequently that at the time of the bringing of the action the plaintiff had the title to the ring and the right of possession of it, and that if he failed to prove a default the verdict should be for the defendant; and further, that even if there were a default the action could not be maintained without a demand first made. We see no error in the way in which the judge dealt with the case in the charge to the jury or with the rulings requested by the defendant. The defendant was the proper party upon whom to make the demand.

The right of action accrued as early at least as the time of the refusal of the defendant to give up the ring, and the right to damages then became complete. The plaintiff was not bound to receive at the trial the ring in part payment of the damages. He could insist on payment in cash.

*Exceptions overruled.*