### STATE vs. AUTOMOBILE.

### BOSTON BUICK Co., Claimant.

### Cumberland.   Opinion March 1, 1923.

*The rights of a claimant in an automobile seized for alleged illegal transportation of intoxicating liquors, are unaffected by a forfeiture or sale under the statute, as the county under the forfeiture acquires no greater rights than had the person unlawfully using such vehicle, claimant as mortgagee or vendor under a conditional sale agreement having taken, prior to the seizure, no steps to enforce his rights.*

This case is governed by the rules laid down in *Paige Touring Co. Case*, 120 Maine, 496.

The enforcement of the rights of a mortgagee against his mortgagor or of a vendor against his vendee under a conditional sale agreement is not within the scope of these proceedings.

No steps were taken by the claimant to enforce its rights under its agreement prior to the seizure, and as against the State they must be held to remain the same as at the time of the seizure.

In case of a forfeiture the county acquires no greater rights by forfeiture than the person unlawfully using the vehicle, and may be divested of those rights, if conditional, in the same manner as the person whose rights are thereby acquired.

The county can only sell the title of the conditional vendee which it acquires by forfeiture, and from such sale it is entitled to the entire proceeds. The claimant's title and rights remain unaffected by such forfeiture or sale.

On report. On February 2, 1922, a Buick automobile was sold in Boston by the Boston Buick Company, Claimant, to one Joseph A.

Kirby under a conditional sale contract, and on the following morning the said Kirby was arrested in Cumberland County for the illegal transportation of liquors and the car was seized and libelled and a claim made for it by the Boston Buick Company. The car was declared forfeited in the Municipal Court of Portland, and the claimant appealed to the Superior Court of Cumberland County. Upon an agreed statement the cause was reported by agreement of the parties to the Law Court for such determination as the law and facts required. Rights of John A. Kirby in said Buick Automobile, February 3, 1922 under a conditional sale agreement entered into between him and the Boston Buick Company, February 2, 1922, ordered forfeited to the county of Cumberland to be held in accordance with the provisions of Chapter 63 of the Public Laws of 1921, but subject to all rights of the Boston Buick Company under said conditional sale agreement.

The case is fully stated in the opinion.

*Clement F. Robinson, County Attorney and Ralph M. Ingalls, Assistant County Attorney,* for the State.

*Raymond S. Oakes,* for respondent.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

WILSON, J. This case, which is a proceeding for the forfeiture of an automobile under Chapter 63 of the Public Laws of 1921, is fully covered by the rules laid down in the *Paige Touring Car Case,* 120 Maine, 496, and followed in the *Packard Motor Car Case,* 121 Maine, 185. The claimant in the case at bar asks the court to order the automobile to be delivered into its possession on the ground that under a conditional sale agreement entered into in Massachusetts it retained the title thereto, and as against the conditional vendee in whose possession it was found while being used in the unlawful transportation of intoxicating liquors in the State by reason of a breach of the conditions of said agreement, it is entitled to possession.

The enforcement of the rights of a mortgagee against the mortgagor, or of a vendor under a conditional sale agreement against his vendee is not within the scope of these proceedings, which are instituted solely for the purpose of determining whether the vehicle in question was at the time of the seizure being used in violation of the statute

above referred to; and if an innocent claimant appears, whether the person so using has an interest therein which is subject to forfeiture.

No steps appear to have been taken by the claimant in this case to enforce its rights under its conditional sale agreement prior to the seizure, and as against the State they must be held to remain the same as at the time of the seizure. Until final judgment herein the vehicle remains *in custodia legis.*

In case of forfeiture of the alleged contraband vehicle, or any interest therein, the county, to which under the statute, it is forfeited, acquires no greater rights by forfeiture than the person or persons unlawfully using the vehicle or consenting to its unlawful use had at the time of the seizure, and may after title is acquired by forfeiture be divested of any interest it so obtains in the same manner as the person whose interests it thereby acquires, and can give no other or better title to the vehicle by sale under R. S., Chap. 127, Sec. 33, than the person could have done whose rights therein are forfeited. That the vendee under such conditional sale agreement has an interest in the property that is the subject of the agreement, which may be conveyed, is beyond question. *Keepers* v. *Fleitmann,* 213 Mass., 210.

Inasmuch as the county cannot give to a purchaser as against the claimant in this case, who is admitted to be innocent as to any unlawful use of the automobile, full title thereto, there is no occasion to decide the second request made by claimant's counsel, viz.: as to what part of the proceeds of any sale made by the county the claimant is entitled to. The county can only sell the title or rights of the conditional vendee which it will acquire by forfeiture and from such sale it is entitled to the entire proceeds. The claimant's title and rights under said conditional sale agreement, however, will be unaffected by such sale.

Entry will be:

> *Rights of John A. Kirby in said Buick Automobile February 3, 1922, under conditional agreement entered into between him and the Boston Buick Co., February 2d, 1922, ordered forfeited to the county of Cumberland to be held in accordance with the provisions of Chapter 63 of the Public Laws of 1921, but subject to all rights of the Boston Buick Co. under said conditional sale agreement.*