THE STIMPSON COMPUTING SCALE COMPANY, INCORPORATED, *vs.* ANDREW GAWELL & another.

Worcester.    September 28, 1927. — November 23, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Sale,* Conditional. *Contract,* Construction. *Lien. Conversion. Tender.*

A contract of conditional sale of a computing scale provided that title should not vest in the vendee until the scale was paid for in full; and that, in default of payment, the vendor or his agents could take possession of it without legal process. After the vendee paid $35 and received a further allowance of $50, and when $155 was still due on the purchase price, the vendee discovered that the scale could not be used and it was condemned by the sealer of weights and measures, and he defaulted as to further payments. The vendor demanded the return of the scale, which the vendee refused unless he were paid $50. The vendor brought an action of tort for conversion. During the trial, the defendant offered to return the scale. *Held,* that

(1) The vendee had no lien on the scale to enforce his claim to a return of what he had paid upon the purchase price;

(2) The plaintiff had a right to a return of the scale under the contract;

(3) The offer of return made during the trial came too late;

(4) A ruling that the defendant converted the scale should have been given;

(5) Judgment should be entered for the plaintiff.

TORT for conversion of a computing scale delivered by the plaintiff to the defendants under a contract of conditional sale. Writ in the Second District Court of Southern Worcester dated October 9, 1924.

The trial judge found for the defendants and reported the action to the Appellate Division for the Western District. Material facts are stated in the opinion. The report was ordered dismissed. The plaintiff appealed.

*F. W. Morrison*, for the plaintiff, submitted a brief.

No argument nor brief for the defendants.

SANDERSON, J. This is an action of tort brought in the Second District Court of Southern Worcester, in which the plaintiff seeks to recover for the conversion of a computing scale. The answer was a general denial, and set up as a special defence that the scale was not accurate and could not be used because condemned by the local sealer of weights and measures. The trial judge found for the defendants, and the case comes here on appeal from an order of the Appellate Division of the Western District dismissing the report of the District Court.

In May, 1922, the parties entered into a written agreement by which the defendants purchased from the plaintiff the scale in question for $240. The contract provided that title should not vest in the vendee until the scale was paid for in full; that in default of payment, the scale could be repossessed by the plaintiff or its agents without legal process. The scale was duly delivered, and the defendants made an initial payment of $35 and turned in an old scale for which an allowance of $50 was made; the balance of $155 was to be paid in twelve monthly instalments, but none of these instalments was paid. The plaintiff guaranteed to repair the scale free of charge if it proved defective within two years. The local sealer of weights and measures condemned it and it was returned to the plaintiff for adjustment; thereafter it was redelivered to the defendants and again condemned by the sealer of weights and measures as incorrect and unreliable. The scale is in the possession of the defendants and has not been used.

On September 20, 1923, when, according to the terms of

the contract, all instalments were overdue, the plaintiff's agent demanded the return of the scale. This demand was refused except upon the condition that the plaintiff would pay the defendants $50 as reimbursement for the money which had been paid and for the old scale. By letter dated November 16, 1923, the plaintiff, through its lawyer, again demanded the return of its scale, and the demand was refused unless substantially the same condition was complied with. Thereafter this action of tort was brought, and it appeared that during the trial the defendants offered to return the scale to the plaintiff and that the offer was refused.

The judge found that title to the scale alleged to have been converted was at all times in the plaintiff; that its value on September 20, 1923, and November 17, 1923, was $240; that it could not be used for the purposes for which it was made; and that it was defective and out of adjustment. He ruled that the defendants were excused, as matter of law, from delivering the scale upon demand to the plaintiff; and that the defendants were justified in holding the scale until reimbursed for the money and property they had turned in to the plaintiff on account of the purchase price.

The defendants had no lien on the scale for the $35 which had been paid by them or for the $50 which was allowed for the old scale, and the plaintiff had a right to the scale at the time demand was made. By the terms of the contract upon default in any payment or other condition the vendor was given the right to remove the property and it was expressly agreed that the order should not be subject to counterclaim or rescission by the vendee. As the defendants refused to deliver unless a condition which they had no right to impose was complied with, they were guilty of conversion. *Adams* v. *Clark*, 9 Cush. 215, 217. *Stebbins* v. *North Adams Trust Co.* 243 Mass. 69. The ruling requested — that the defendants converted the scale in question on or about September 20, 1923 — should have been given and, upon the findings, judgment should have been entered for its value at that time. The offer during the trial to return the scale after the plaintiff's right to damages had become complete, came too late. *Sallinger* v. *Collateral Loan Co.* 215 Mass. 266.

The order of the Appellate Division dismissing the report is reversed and judgment for the plaintiff for $240, with interest from September 20, 1923, is to be entered.

*So ordered.*