ROWE VENDING MACHINE COMPANY, INCORPORATED, *vs.* EDWARD L. MORRIS.

Suffolk.  May 13, 1931. — June 30, 1931.

Present: CROSBY, PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Equity Jurisdiction,* Equitable replevin. *Mortgage,* Of personal property. *Contract,* Of conditional sale, Construction, Performance and breach. *Sale,* Conditional. *Waiver.*

A manufacturer of vending machines delivered fifty under a contract of conditional sale to one who agreed to purchase seventy-five more upon the same terms unless the vendee by a notice before April 2 became released from such agreement. The contract also contained a provision forbidding the vendee to sell, lease or mortgage the machines or to dispose of them otherwise, or to take them out of the territory in question, or to assign his rights under the contract. More than a month before April 2, the parties to the contract knew that the vendee would be unable to pay for the additional machines, but the vendee requested that the allotment be reserved for him. After April 2 there were negotiations between the parties which resulted

on August 3 in a new agreement whereby the vendee received fifty additional machines to be paid for in instalments, and the vendee assigned to one to whom the original vendor had transferred his rights under the original contract, "as collateral security" for the payments on the instalments due on the second fifty machines, all his "right title and interest in and to" the first fifty machines "as transferred to" him by the original contract of conditional sale, "said assignment being with the proviso that Upon payment by me of all sums of money remaining due on the . . . [first fifty machines] and all instalments hereinbefore provided to become due on delivery to me of . . . [the second fifty] This Assignment shall become null and void. . . ." Thirteen days later, the vendee made his final payment under the terms of the original contract for the first fifty machines. After default by him in payments upon the second fifty machines, the assignee of the vendor by suit in equity for equitable replevin sought possession of all the one hundred machines. There was a decree for the plaintiff, and the defendant appealed. The record before this court did not set out the contract as to the sale of the second fifty machines, but the defendant made no claim that they were not sold on the same terms of conditional sale as set out in the contract as to the sale of the first fifty machines. *Held*, that

(1) It was to be inferred that the second fifty machines were substituted for the seventy-five additional machines which the defendant in the original contract agreed to purchase, and that the second fifty were purchased on the same terms of conditional sale;

(2) The terms of such conditional sale not having been satisfied, the title to the second fifty machines still was in the plaintiff, and the decree properly ordered their delivery to him;

(3) On August 3, the defendant as vendee in possession under the contract of conditional sale of the first fifty machines had a special property in them which he could mortgage;

(4) The provision in the contract of conditional sale of the first fifty machines prohibiting the defendant from assigning his rights under the contract and from selling or mortgaging the machines was inserted for the protection of the vendor and his assigns; and the plaintiff could waive it, and did so by accepting the assignment of August 3;

(5) The assignment of August 3 constituted in effect a chattel mortgage of the first fifty machines;

(6) Upon payment by the defendant of the last instalment due under the contract of conditional sale of the first fifty machines, the legal title to them, which otherwise would have passed to the defendant as conditional vendee, vested in the plaintiff as mortgagee; and, there having been default by the defendant under the mortgage, the plaintiff was entitled to possession: the decree properly ordered the first fifty machines delivered to the plaintiff.

A contention by the defendant that he was entitled to damages by reason of a breach by the plaintiff of an agreement in the original contract of conditional sale as to maintaining certain exclusive territory in which the defendant might operate the vending machines was without merit,

it appearing that such agreement was conditioned on performance by the defendant of certain agreements which he had not performed.

The final decree in the suit above described was ordered modified by the insertion therein of a recital that the decree was without prejudice to whatever rights of redemption the defendant might have as mortgagor.

BILL IN EQUITY, filed in the Superior Court on May 19, 1930, and described in the opinion.

The suit was heard by *Bishop,* J. Material facts found by him and a final decree entered by his order are described in the opinion. The defendant appealed.

*J. J. Mahan,* for the defendant, submitted a brief.

*J. S. Ellis,* for the plaintiff.

CROSBY, J. This is a suit in equity brought under G. L. c. 214, § 3 (1), wherein the plaintiff seeks to have adjudicated its title in and right to immediate possession of certain chattels sold on conditional sale to the defendant, and alleged to be so secreted and detained by the latter that they cannot be replevied.

The trial judge found that on November 12, 1927, one William H. Rowe sold to the defendant fifty "Rowe Cigarette Vending Machines" on conditional sale. The total price called for by the contract was $3,750 payable as follows: $750 upon signing the contract, $1,750 on delivery of the machines, and the balance in six monthly instalments, the last of which was due July 15, 1928. The agreement contained detailed provisions defining the rights of the parties thereto. By its terms the buyer agreed to purchase seventy-five additional machines upon the same terms as in the purchase of the first fifty machines, but the buyer had the right, by giving notice to the seller before April 2, 1928, to be released from this obligation. The buyer was allotted all of Suffolk County in this Commonwealth as a designated territory in which he would have exclusive right to resell, lease and operate the machines, subject to the following conditions: "In the event Buyer does not fulfill this contract in all its terms or in the event he does not accept the additional machines above provided for, the above agreement of Seller not to sell machines within the allotted territory shall be null and void, the intention hereof being that if Buyer

accepts and pays for a number of machines designated by Seller as sufficient for the territory allotted, herein specified, as one hundred and twenty-five machines, then Buyer shall have, as far as it is within the power of Seller to grant same, the exclusive right to own and operate Rowe Cigarette Vending Machines within said territory, but that if Buyer does not accept and pay for such number of machines then the territory described shall not be deemed exclusive but Seller may make other arrangements until the designated number of machines are disposed of within said territory." There were further provisions for retention of title in the seller, with a right to retake possession on default, and a clause forbidding the buyer to sell, lease or mortgage the machines or otherwise to dispose of them, or take them out of the territory in question, or to assign his rights under the contract, and a clause forbidding him to operate, lease or resell the machines outside of the described territory.

At some time before the commencement of these proceedings, William H. Rowe assigned all his right, title and interest in the above contract to the plaintiff. The first fifty machines were shipped on January 21, 1928, nineteen days late, this delay being due to the defendant. In consequence of the delay it was agreed that all payments subsequent to the initial payment should be postponed one month. Upon receiving the first fifty machines the defendant placed them in various stores in the city of Boston and vicinity. He made all payments on these machines, the last payment being on August 16, 1928. It was found by the trial judge that both parties knew for a month or more before April 2, 1928, that the defendant would be unable to pay for the seventy-five additional machines which, according to the terms of the contract, he was to take unless he notified the seller before that date that he did not want them. The defendant requested, however, that the allotted territory be reserved for him, and for a time the plaintiff did so. On July 11, 1928, the plaintiff notified the defendant that if he was certain that he could handle fifty additional machines on the basis of paying $200 per month to send a check for that amount as the down payment and an order for fifty machines, the

balance of $3,550 to be paid in monthly instalments and to be secured by a mortgage on the first fifty machines. In consequence of this and other communications between the parties, the defendant executed an agreement dated August 3, 1928, a copy of which is annexed to the bill of complaint. This agreement recites that in consideration of the delivery of fifty additional machines, "Now Therefore, I, Edward L. Morris, hereby transfer, assign and set over unto said Rowe Vending Machine Company as collateral security for the payments hereinbefore set forth all my right title and interest in and to Fifty Rowe Cigarette Vending Machines (Old Model) as transferred to me by Conditional Sales Contract dated November 12, 1927, William H. Rowe, Seller, and Edward L. Morris, Buyer, said assignment being with the proviso that Upon payment by me of all sums of money remaining due on the Fifty machines (Old Model) and all instalments hereinbefore provided to become due on delivery to me of Fifty Machines (New Model) This Assignment shall become null and void . . . ." The defendant made no down payment on the order for the additional machines, as requested by the plaintiff's letter of July 11, 1928, and the only sum ever paid on the second order was the initial deposit of $200 made on March 1, 1929, when the first instalment of the additional machines was shipped. The defendant paid in full for the first fifty machines, and has been credited with the sum of $212.50 as commissions due him. The judge found that there is due the plaintiff from the defendant the sum of $3,337.50 for the fifty machines ordered August 3, 1928. He also found that the plaintiff acted in good faith and kept all its agreements, but that the defendant failed to comply with the terms and conditions on which the designated territory was allotted to him, and was therefore not entitled to any exclusive territory.

A final decree was entered adjudging that the defendant was indebted to the plaintiff in the sum of $3,337.50, with interest at the rate of seven per cent, on account of the second lot of fifty machines, and that the defendant has no claim for damages against the plaintiff. It was further decreed that, upon payment by the defendant of the above sum with

interest within twenty-one days from the date of the decree, the plaintiff should give to the defendant a bill of sale of the one hundred vending machines; otherwise that the defendant should deliver to the plaintiff the said machines. The defendant appealed from this decree.

The contentions of the defendant as set forth in his brief are that the plaintiff acquired no right to the first fifty machines under the agreement of August 3, 1928, and that said agreement was void "inasmuch as the respondent had no right, title, or interest in and to these first fifty machines, because there still remained due to William H. Rowe an additional payment on said machines," and because of a provision in the contract of conditional sale of November 12, 1927, whereby the defendant agreed that he would not "sell, lease, mortgage or otherwise dispose of said machines or take same out of the territory hereinafter set forth during the life of this contract, nor to assign this contract or any rights hereunder." The defendant also contends that the ruling and the recital in the decree that the defendant has no claim for damages are clearly wrong.

It is plain that as to the second lot of fifty machines the decree entered in view of the findings was proper. *Henry Pels & Co.* v. *Millen,* 192 Mass. 13. The contract for the sale of the second fifty machines is not set out in the record but it is to be inferred from the facts that these machines were substituted for the additional seventy-five machines referred to in the contract of November 12, 1927. No claim is made by the defendant that the second lot of machines was not sold under the same terms and conditions as to the seller's rights, as were set out in the conditional sales contract of November 12, 1927, and in view of the transactions between the parties it must be held that their rights were governed by that contract. The title to the machines remained in the plaintiff and upon default by the defendant it had the right to immediate possession. *Haynes* v. *Temple,* 198 Mass. 372. *Vorenberg* v. *American House Hotel Co.* 246 Mass. 108. *Stimpson Computing Scale Co. Inc.* v. *Gawell,* 261 Mass. 378. *Bousquet* v. *Mack Motor Truck Co.* 269 Mass. 200. *Commercial Credit Corp.* v. *Gould,* 275 Mass. 48.

On August 3, 1928, when the second agreement was entered into, the defendant was in possession of the first lot of fifty machines as vendee under a contract of conditional sale. On that date it does not appear that he was in default in his payments. It is settled that a vendee of personal property in possession of it under a conditional contract of sale has a special property in it which he can mortgage or sell. *Currier* v. *Knapp*, 117 Mass. 324. *Chase* v. *Ingalls*, 122 Mass. 381. *Dame* v. *C. H. Hanson & Co. Inc.* 212 Mass. 124. *Keepers* v. *Fleitmann*, 213 Mass. 210. *Hurnanen* v. *Nicksa*, 228 Mass. 346, 350. *Worcester Morris Plan Co.* v. *Mader*, 236 Mass. 435, 438. The clause in the contract of conditional sale of November 12, 1927, prohibiting the defendant from assigning his rights under the contract and from selling or mortgaging the machines was inserted obviously for the protection of the seller and his assigns. The plaintiff could waive such a right intended solely for its benefit. The argument of the defendant that the plaintiff acquired no rights under the agreement of August 3, 1928, cannot be sustained. That agreement purported to "transfer, assign and set over" to the plaintiff all the defendant's right, title and interest in and to the first fifty machines "as collateral security for the payments" called for in the sale of the second lot of fifty machines. The assignment was conditioned upon the payment by the defendant of all instalments due on the one hundred machines sold, in which event the conveyance was to become null and void. The instrument was executed in compliance with the plaintiff's stipulation that the defendant's indebtedness on the fifty additional machines must be secured by a transfer and assignment of the first fifty machines. It is plain that this "assignment" constituted in legal effect a chattel mortgage. *Worcester Morris Plan Co.* v. *Mader*, 236 Mass. 435. *J. H. Gerlach Co. Inc.* v. *Noyes*, 251 Mass. 558, 567. *Hartford Accident & Indemnity Co.* v. *Callahan*, 271 Mass. 556, 560. Although so far as appears it was not recorded it was valid as between the parties. *J. H. Gerlach Co. Inc.* v. *Noyes*, 251 Mass. 558. G. L. c. 255, § 1, as amended by St. 1921, c. 233. Until August 16, 1928,

when the last instalment was paid on the first fifty machines, the title thereto was held by the plaintiff by virtue of the retention of the title clause in the conditional sales contract. Upon payment by the defendant of the last instalment due, the legal title, which otherwise would have passed to the defendant as conditional vendee, vested in the plaintiff as mortgagee. *Crompton* v. *Pratt*, 105 Mass. 255. *Federal Trust Co.* v. *Bristol County Street Railway*, 222 Mass. 35, 47–48. The plaintiff is vested with the title to the first fifty machines not as assignee of a conditional vendor, but as mortgagee. The defendant's right to retain possession of these machines, apart from the agreement of August 3, 1928, was intended by the parties to subsist only so long as the instalments on all the machines were paid when due. The plaintiff's title to the machines and its right to their possession were established.

The defendant's contention that he was entitled to damages by reason of the plaintiff's breach of its obligation to maintain the territory of Suffolk County exclusively for him is without merit. The defendant's right to exclusive territory was dependent, under the terms of the contract of November 12, 1927, on his accepting and paying for seventy-five additional machines, and under the terms of the plaintiff's communication of July 11, 1928, to the defendant was conditioned on the defendant's sending a check for $200 with his order. The trial judge found as facts that he did not comply with either condition. The evidence not being reported, these findings must stand.

The final decree ordered the defendant to deliver to the plaintiff the one hundred machines, unless the former within twenty-one days from the date of the decree paid the plaintiff the sums found to be due. The decree further provides that execution issue in favor of the plaintiff against the defendant in the sum of $302.71, with interest, and costs. The final decree is to be modified by the insertion therein of a recital that the decree is without prejudice to whatever rights of redemption the defendant may have as mortgagor; as so modified it is affirmed with costs of the appeal.

*Ordered accordingly.*