## NEW BEDFORD MOTOR CAR CO., INC.
### vs.
## DAVID W. MACINTOSH

Court of Common Pleas     Hartford County     File #36589

MEMORANDUM FILED APRIL 8, 1939.

Harry B. Rosenblum, of Hartford, for the Plaintiff.

Frank R. Odlum, of Hartford, for the Defendant.

MOLLOY, J.   In this action the plaintiff, a Massachusetts corporation, with its principal place of business in the City of New Bedford, seeks to recover possession of an automobile mortgaged to it by one Frank Perry Ponte on December 7, 1936 for $663.80.   Ponte paid the first monthly installment of $25.00.   On February 10, 1937, he brought the car to East Hartford, Connecticut, where he sold it to the State Motor Sales Corporation for $550.   On February 13, 1937 the State Motor Sales Company, Inc., sold the car to the defendant, David W. Macintosh.   About two months after the mortgage by Ponte to the plaintiff, the car and Ponte having disappeared, and he being in default on his February 7th payment to the plaintiff, the latter reported the loss to the police.   Subsequently it was located and on June 16, 1937 this replevin action was instituted by the plaintiff, and the car taken from the defendant.   The culprit, Frank Perry Ponte, is now a fugitive from justice.   While Macintosh is the named defendant, The State Motor Sales Company, Inc., is the real party in interest.   The question is upon whom under the circumstances shall the loss fall; who of these parties is to suffer.

The defense alleged is that the defendant was a prima facie purchaser "in that the mortgage and conditional bill of sale alleged in the complaint were not recorded, and the defendant was therefore without notice."   The defendant also counterclaims that he is the true owner and entitled to possession of the car in question.

The plaintiff contends title is in it.   The defendant, however, in evidence and argument claims that this is not true in law because: (1) The alleged mortgage was invalid; (2)

there was no change of possession; (3) the plaintiff was guilty of laches, negligence and fraud, and by its action waived the consent mentioned in the mortgage and conditional sales contract and necessary for a sale of the car by Ponte; (4) that plaintiff is now estopped to claim the car; (5) that Ponte did not own the Ford car which was used in part payment of the car now in suit, hence the mortgage, Exhibit A, is void; and, (6) the equities of the defendant are superior to those of the plaintiff.

The evidence, it seems to me, does not warrant any other conclusion than that the dealings between the plaintiff and Ponte were legitimate and proper. Ponte bought the car in question from Cape Chevrolet, Inc., of New Bedford. It is true he bought it with the financial assistance and help of the plaintiff in that the plaintiff owned the Ford car. That is, Ponte owed the plaintiff a balance thereon, and the plaintiff had what is called in Massachusetts a lease on the car. The plaintiff also gave Ponte $284 as evidenced by check, plaintiff's Exhibit D, to complete the purchase price. The Ford car was traded in for the new car. This was with the permission of the plaintiff expressed both to Ponte and the Cape Chevrolet Company. Ponte received from Cape Chevrolet, Inc., plaintiff's Exhibit E, a bill of sale, or as may more properly be called, an invoice. He then returned to the plaintiff with this and thereupon executed and delivered to the plaintiff the mortgage, plaintiff's Exhibit A, and note, plaintiff's Exhibit B, for $663.80, payable to the plaintiff in installments of $25.00 monthly. The mortgage was immediately recorded in the office of the Town Clerk of New Bedford where Ponte resided and where the plaintiff then and now does business.

For the purposes of this transaction, between Ponte and the plaintiff, Ponte now owned the new Chevrolet car, and in order to secure the plaintiff for the money he had advanced him to enable him to have the new car, he gave the plaintiff a note and mortgage on the car. Ponte had a special property in the Ford car which he could convey with the consent of the vendor or mortgage without his consent. *Keepers vs. Fleitmann*, 213 Mass. 210, 211.

"Fair consideration is given for an obligation—here the mortgage—'when such . . . obligation is received in good faith to secure . . . (an) antecedent debt in amount not disproportionately small as compared with the value of the . . .

obligation obtained.' " *Shay vs. Gagne,* 275 Mass. 386, 390, 176 N. E. 200, 201.

Now, it is claimed that a change of possession is required under Massachusetts law, and that personal property may not be so mortgaged. This requirement of the common law, namely, a change of possession is dispensed with by the statute and is not now the law of Massachusetts. The purpose of the recording statute is to dispense with that requirement. An examination of the following statutes further indicates the present law: "Mortgages of personal property shall, within fifteen days from the date written in the mortgage, be recorded on the records of the town where the mortgagor resides when the mortgage is made, and on the records of the town where he then principally transacts his business." Anno. Laws of Mass., ch. 255, §1. Section 83 of chapter 266 of the Annotated Laws of Massachusetts, provides: "A mortgagor of personal property who sells or conveys the same or any part thereof without the written consent of the mortgagee, and without informing the vendee or grantee that the same is mortgaged, shall be punished . . ."

The recording statute is construed in *Williams vs. Nichols,* 121 Mass. 435, 436: "The statute provides that mortgages of personal property shall be recorded on the records of the city or town wherein the mortgagor resides, and on the records of the city or town in which he principally transacts his business; and that, 'unless a mortgage is so recorded, or the property mortgaged is delivered to and retained by the mortgagee, it shall not be valid against any person other than the parties thereto.' "

It is quite evident from a reading of *Travis vs. Bishop,* 54 Mass. 304, cited by the defendant, that the case applies to an unrecorded mortgage in which event the mortgaged property must be delivered; and if there is no delivery or no recording then the puchaser takes the property with good title.

*Denno vs. Standard Acceptance Corp.,* 277 Mass. 251, sets out the law clearly relative to mortgage of personal property with or without change of possession. This was a case where an automobile dealer mortgaged to the defendant automobiles which were on display for sale. In four cases such automobiles had been sold without regard to the terms of the mortgage, and there too, an inference was justified that sales were expected to be made in which the buyer would be left in

actual ignorance of any limitation on the authority of the seller to give a good and complete title. The Court, at page 254, said that section 25 (1) of the Massachusetts sales act provides " 'If goods are sold by a person who is not the owner thereof, and who does not sell them under the authority or with the consent of the owner, the buyer acquires no better title to the goods than the seller had, unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell'. It is essential to his full ownership of the automobile purchased by him on June 10, 1930, that it appear that the seller was acting under the authority of the owner or that the owner has by his conduct precluded himself from denying the seller's authority—either or both. The law has long been settled that a third person may show that a mortgagor's agree- ment set out in a mortgage that he will not sell except with the written consent of the mortgagee never was binding, or has been waived or modified by the parties to the mortgage expressly or by implication."

In other words, a mortgage of an automobile is valid when recorded, unless the defendant can show that the written con- sent of the mortgagee contained in its mortgage and necessary in order for the mortgagor to convey, never was binding or had been waived or modified by the parties expressly or by implication. The recording of the mortgage otherwise con- stitutes it a valid lien on the car sold. When the mortgage was recorded it gave constructive notice of the trust to all creditors and purchasers so that they could not, by attachment or grant of the mortgaged property, take it discharged of the trust. *Eastman vs. Foster,* 49 Mass. 19.

The mortgage in the instant case was recorded. There is no question about this, although it is asserted to the contrary in the defendant's answer and principally relied upon therein.

The claim of laches by the defendant has no valid basis in the evidence.

The other claims of the defendant may be treated together. In these the defendant contends that the plaintiff was guilty of negligence and fraud, and is estopped by its conduct to now claim title and possession of the car. These defenses center around defendant's Exhibit 2, referred to as a bill of sale. As I have said, it is really an invoice of the sale of the car from Cape Chevrolet, Inc., to Ponte and is an exact copy of plaintiff's Exhibit E, in all of the latter's typewritten mat-

ter. The printed matter is missing. The defendant makes much of the claim that the plaintiff allowed this invoice, or as it has been referred to, bill of sale, to remain in the possession of Ponte after he had mortgaged the car to the plaintiff, thus enabling him to deceive an innocent purchaser for value. This constituted fraud and negligence on the part of the plaintiff, so the defendant contends, and amounted to a waiver of the consent otherwise necessary, by the plaintiff to a valid sale by Ponte. I do not agree with this contention.

Plaintiff's Exhibit E is the original invoice or bill of sale. It was this which was given to the plaintiff by Ponte when he returned with the new Chevrolet. It is significant that this receipt of the payment due on the invoice is signed by D. Schofield, whereas in defendant's Exhibit 2, which Ponte had in his possession when he sold the car to State Motor Sales, payment in full is acknowledged by the Cape Chevrolet's agent, Dias. Why the two invoices or receipts? Defendant's Exhibit 2 is either a forgery or was obtained by Ponte from Cape Chevrolet, Inc., at a subsequent date to that of Exhibit E and dated back. In other words, Ponte got two invoices from Cape Chevrolet, Inc., and had them receipted by different agents or employees of that company. Ponte apparently in keeping with his plan to defraud, retained Exhibit 2 and used it with effectiveness on State Motor Sales. There isn't any evidence to support the claim of fraud, negligence, or of waiver on the part of the plaintiff. There is no evidence that it knew at all of the second invoice, Exhibit 2, which Ponte possessed. But Ponte had a purpose in getting the two invoices. He succeeded in that purpose and then became a fugitive from justice.

I may observe that State Motor Sales, with two agencies allegedly assisting it at the time it bought the car in question from Ponte, could easily have ascertained whether or not Ponte had a right to sell by 'phoning the Town Clerk's office in New Bedford. Furthermore, these two agencies being apparent specialists in the checking up of automobiles possessed under suspicious circumstances should have known that under Massachusetts law a car can be mortgaged. They apparently "slipped up" in the case of Frank Perry Ponte. They will know better next time.

In addition, as the plaintiff points out in his brief, these defenses with the others, except estoppel, should have been specially pleaded. They were not. There was no waiver of

consent necessary to sell. Even if there were, it could not be taken advantage of under the defendant's pleading. It should have been specially pleaded. *Goldner vs. Polak,* 108 Conn. 534, 537.

On the day that Ponte executed the mortgage and note, Exhibit A and B, to the plaintiff, the latter executed a conditional sales contract, Exhibit G, to Ponte. While this conditional sales contract is referred to in the plaintiff's complaint, it was not relied upon by the plaintiff on the trial. It based its right of recovery on the mortgage only. In any event, Ponte could have mortgaged his special property under the conditional sales contract to the plaintiff. *Keepers vs. Fleitman, supra; Chase vs. Ingalls,* 122 Mass. 381.

The issues are therefore found for the plaintiff on the defendant's counterclaim, and judgment is directed for the plaintiff on his complaint to recover one dollar nominal damages, and title and possession of the car in question.