Estes, J.
This is an action of tort for the conversion of an automobile. The plaintiff, an automobile dealer, on March 1,1940, sold a Ford automobile to Charles G. Gewlas. The latter gave to the plaintiff a note in the sum of $53.50', payable five months after date. The note recited that it was given for the automobile, and that title was to remain in the payee until the note was paid in full. There were other conditions recited, and it further contained the statement “that in case said automobile, before payment in full, is removed for more than three days from my (Gewlas) present residence without written consent of the said payee, said payee may resume possession of said automobile ...”
*111 On the reverse side was a “Schedule of Payments,” which indicated that $13.50 was to be paid April 1, 1940, and $10.00 each on May 1, June, July and August, 1940. It showed credits of $5.00 each on May 18 and 10,1940.
Gewlas took possession of the automobile and used it. About June 27, 1940, Gewlas bought another autompbile from the defendant and turned over, as part-payment, the Ford he had bought from the plaintiff, as hereinbefore recited. The defendant took the Ford in good faith and without knowledge of the conditional sales contract. Gewlas told the defendant the car was free of encumbrances.
About August 1, 1940, a representative of the plaintiff went to the treasurer of the defendant, and told him, the treasurer, that the plaintiff had the title to the Ford; that there was an unpaid balance due, and demanded payment of the balance from the defendant. This was the first the defendant knew of the plaintiff’s claim. The defendant, by its treasurer, offered to deliver the car to the plaintiff. This the plaintiff refused. The defendant caused the car to be taken to the plaintiff’s place of business, but the plaintiff’ refused to accept it. The defendant refused to pay the balance due. No demand was made by the plaintiff for the return of the car.
The plaintiff concedes that the defendant, even with knowledge of the sale by the plaintiff, could have taken the car from Gewlas and had good title by paying the plaintiff what was due him. We think it follows, therefore, that the defendant came into possession of the car rightfully. Hellier vs. Achorn, 255 Mass. 275 at 284, Sallinger vs. Collateral Loan Company, 215 Mass. 266. It never exercised dominion against the rights of the plaintiff, but when informed of the plaintiff’s title, offered and attempted to return it to the plaintiff.
*112 We are of the opinion that this falls within the class of cases where a demand for the return of the property is necessary in order to charge the defendant with converting it. Atlantic Finance Corp. vs. Galvam, Mass. (1942) A. S. 385 and cases cited.
We think the refusal of the defendant’s requests numbered 1 and 2 was error. In the cases cited by the plaintiff, demand was in fact made.
Being of the opinion that, because there was no demand for the return of the car, but an actual refusal to accept it, the plaintiff cannot prevail, we do not need to discuss or decide the other issues concerning the validity of the contract between the plaintiff and Gewlas.
The finding is reversed, and finding ordered for the defendant.