FELIX SMITH & another *vs.* ELLA ALDRICH.

Suffolk.     November 13, 1901. — January 4, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Sale*, Conditional.

When a purchaser under a contract of conditional sale, providing, that the title shall remain in the vendor until the payment of the last instalment of the price and that he may reclaim the goods upon default, receives the goods and pays some of the instalments and then refuses to make any further payments, the vendor may at his election maintain an action for goods sold and delivered and recover the balance of the price, with interest, as stated in the contract.

The words " hired and received " and " rent " in a contract of conditional sale do not make it a lease.

CONTRACT, with one count for goods sold and delivered and another on an account annexed, both alleged to be for the same cause of action. Writ in the Municipal Court of the city of Boston dated January 15, 1896.

On appeal to the Superior Court, the case was tried before *Hardy*, J., without a jury. The plaintiffs put in an auditor's report in which the auditor found adversely to the defendant, and rested their case. The defence consisted of the testimony of the defendant and two other witnesses. It appeared that the defendant went to the plaintiffs' shop and selected, at agreed prices, a quantity of furniture and that the furniture was delivered to her. The furniture was sold upon the condition that $100 should be paid down, and $25 should be paid each month until the whole price of the goods was paid. The defendant paid the $100 and took a receipt; she also signed a schedule in blank, which acknowledged the receipt of the furniture, set

forth the payment of the $100, and contained a promise to pay instalments of $25 a month, with interest, upon the condition that when the whole price was paid the goods should become the property of the defendant, although in the meantime the title to the goods should remain in the plaintiffs, with the right to reclaim the goods upon a default in payment according to the conditions named.

This schedule as afterwards filled in, together with the statement of payments and of the balance unpaid, constituted the account annexed. The schedule was admitted as evidence of the price and terms of the sale. The defendant and her witnesses testified that the prices set forth in the schedule were greater than those agreed upon at the time of the sale, and the defendant testified, that when she discovered this she refused to pay any more money on the, so called, lease. This was contradicted on rebuttal by the plaintiffs' salesman, who testified, that the prices filled in were those agreed upon. There was no dispute as to the amount of money which the defendant had paid.

The defendant requested the judge to rule as follows : 1. That on all the evidence the plaintiffs could not recover for any sum in this action ; 2. That on neither count of the declaration could the plaintiffs recover for any interest, except from the date of the writ, in the event of the plaintiffs being entitled to recover any sum for goods sold ; 3. That the plaintiffs could not elect to treat the original contract as a contract for goods sold and delivered without the consent of the defendant ; and, 4, That under all the circumstances the lease was not competent or sufficient or conclusive evidence of the price of the goods, set forth in the declaration.

The judge refused the first, second and third requests, and upon the fourth request ruled, that the lease, so called, was evidence competent to show an admission by the defendant of the price and the terms upon which she received the goods described in the declaration but was not conclusive evidence thereof, and its sufficiency was to be considered by the judge in connection with other evidence in the case. The judge found for the plaintiffs in the sum of $387 ; and the defendant alleged exceptions.

*P. J. Casey,* for the defendant.

*W. A. Morse,* for the plaintiffs.

LATHROP, J.  The auditor in this case found that the description of the goods, the prices for the same, and the charges for interest as contained in the account annexed to the plaintiffs' declaration, were the goods the defendant purchased of the plaintiffs and the prices and the interest she agreed to pay for and on account of them.  The auditor's report was evidence in the case, and it was supported by the testimony of the plaintiffs' salesman.  The first request for a ruling was therefore properly refused.

The second request was also properly refused.  By the terms of the contract the defendant had agreed to pay interest as set forth in the account annexed.

The third request presents the question whether the plaintiffs could elect to treat the original contract as a contract for goods sold and delivered, without the consent of the defendant.  The defendant had received the goods and had broken her contract.  There had been no breach on the part of the plaintiffs, and they were entitled to the entire sum sued for.  The defendant could not by an act of her own repudiate the title and diminish her obligation to pay the whole sum promised.  See *White* v. *Solomon*, 164 Mass. 516, 518.

While the instrument uses the words " hired and received " and " rent," these words are misnomers, and the contract before us is to be treated as a conditional sale.  *Bailey* v. *Hervey*, 135 Mass. 172.  *McCarthy* v. *Henderson*, 138 Mass. 310.

The fourth request was properly refused, and the ruling of the judge as to how far the lease was competent evidence was correct.

*Exceptions overruled.*