FRANK HURNANEN, administrator, vs. BRONISLAW NICKSA.
SAME vs. GARDNER AUTOMOBILE COMPANY.

Worcester.   October 2, 1917. — October 23, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Motor Vehicle*, Registration.  *Sale*, Conditional.  *Words,* "Owner."

One, who is in possession of a motor car as the purchaser under a contract of con-
ditional sale by which the title to the car is to pass to him upon the payment of
the final instalment of the purchase money and who has committed no breach of
the contract, has a special property in the car which makes him its "owner"
for the purposes of registration within the meaning of St. 1909, c. 534, § 2, as
amended by St. 1912, c. 400.   Following *Downey* v. *Bay State Street Railway,*
225 Mass. 281.

TWO ACTIONS OF TORT by the administrator of the estate of
Matti Hurnanen, late of Gardner, the first against Bronislaw
Nicksa and the second against the Gardner Automobile Company,
a corporation, the declaration in each action containing two counts,
as stated in the opinion, for causing the death and conscious suffer-
ing of the plaintiff's intestate by running into him on September 11,
1915, with a motor car operated by the defendant Nicksa and
alleged to belong to the defendant corporation.   Writs dated
respectively September 16 and December 10, 1915.

The answer in each case contained a general denial and an alle-
gation that the death and suffering of the plaintiff's intestate were
caused by his negligence in stepping or jumping in front of the
motor car.

The cases were tried together before *Sanderson,* J.   The course
of the trial and the answers of the jury to the questions submitted
to them are stated in the opinion, where also are stated the facts in
regard to the ownership and registration of the motor car.   The
judge ruled "as a matter of law that the man named in the contract
[of conditional sale], the defendant Nicksa, had title which makes
him the owner under the registration law of automobiles" and that
the registration of the car under the facts shown was a legal regis-
tration.   The jury in answer to the questions submitted to them
by the judge found that the plaintiff's intestate was not in the exer-

cise of due care and that the defendant Nicksa was not negligent in operating the motor car. By instruction and order of the judge the jury returned a verdict for the defendant in each of the cases; and the plaintiff alleged exceptions.

*A. M. Levy,* for the plaintiff.

*H. W. Blake,* for the defendants.

PIERCE, J. These are actions of tort which were tried together.

The declaration in the first case contains two counts. The first count alleged the plaintiff's intestate's due care and the negligence of the defendant in operating a motor car in Gardner on September 11, 1915, and that the car, while so negligently operated, came into collision with the plaintiff's intestate, who was thereby killed. The second count is for conscious suffering, alleging the plaintiff's intestate's due care and the defendant's negligence in the operation of his car. The answer is a general denial, with an allegation of the plaintiff's intestate's contributory negligence. These issues were tried to a jury, who found for the defendant.

The declaration in the second case contains two counts: the first one being for the death of the plaintiff's intestate, caused by a collision with the defendant's motor car, alleging the plaintiff's intestate's due care and the defendant's negligence in operating and negligently suffering it to be operated without having the car properly registered. The second count alleges a collision with the defendant's motor car, the plaintiff's intestate's due care, the defendant's negligence in operating a motor car, that the car had not been properly registered, and the conscious suffering of the intestate. The answer is a general denial, with an allegation of the plaintiff's contributory negligence.

At the close of the evidence in the action against the automobile company, the presiding judge granted a motion to direct a verdict for the defendants and submitted the following special questions to the jury:

"First. Was Matti Hurnanen (the intestate) in the exercise of due care?

"Second. Was the accident caused by the negligence of Bronislaw Nicksa, the operator of the automobile? "

To both of these questions the jury answered, "No," and returned a general verdict for the defendant.

This procedure was correct. *Edwards* v. *Worcester,* 172 Mass.

104. *Burke* v. *Hodge,* 211 Mass. 156, 162. See also St. 1913,. c. 716.

It was in evidence that the Gardner Automobile Company, a corporation engaged in the business of selling motor cars, on May 27, 1915, delivered to the defendant, Bronislaw Nicksa, a motor car under an agreement reading as follows:

"This agreement made this 27th day of May, A.D. 1915, between the Gardner Auto Company, a corporation having a usual place of business in Gardner, in the County of Worcester, and Commonwealth of Massachusetts, as lessor and Bronislaw Nicksa of Gardner, Mass., as lessee,

Witnesseth:

"That in consideration of the agreements of the lessee hereinafter mentioned, the lessor does hereby lease for the term of 1½ years from this date, and agrees to deliver forthwith to the lessee one automobile manufactured by Ford Motor Co., Style, Touring, Model T, Manufacturers Number 677065, upon the following terms and conditions:

"That said automobile shall remain the property of the lessor and shall not be removed from the town of Gardner, Massachusetts, without the written consent of the lessor or until it shall have executed and delivered a bill of sale thereof to said lessee.

"That said lessee shall pay to the lessor for the use of said automobile as follows: Twenty-five dollars per month payable on the first of each month until the full sum of three hundred seventeen 70/100 dollars with interest at the rate of six per centum shall have been paid to the lessor, all of which shall constitute and only be as rent for the use of said automobile, and when said sum has been paid in full with interest as aforesaid, the lessee may use said automobile free of charge for the balance of said term.

"The lessee promises to pay said rent in the amount and upon the terms specified, to keep the automobile fully insured for the benefit of the lessor and not to suffer any injury to be done to said automobile (reasonable wear and tear excepted), nor to lease or underlet the same to any person or persons; also to pay any damage caused to any other person or corporation or the property of any person or corporation by said automobile while in the possession of the lessee.

"It is further agreed that upon the failure of the lessee to make said payments or any of them, it shall be lawful for the lessor or its agent or attorneys to take possession of said automobile wherever it may be, and in case any of the conditions of this agreement shall be violated by the lessee, the payments to be made thereon shall be forfeited to the lessor and shall in no case be recoverable. In case the lessee shall, during the term of this lease, desire to purchase said automobile, all money paid as rent therefor shall be applied and accepted toward such purchase and the price shall be three hundred seventeen 70/100 dollars with interest at the rate of six per centum per annum from the date of this lease.

"But it is distinctly agreed and understood that until the lessee shall avail itself of the above option to purchase and shall pay the above amount in full or otherwise secure the same, the ownership of said automobile shall remain vested in the lessor.

"In witness whereof, the said parties hereunto set their hands and seals the day and year first above written.

"In presence of          Lessor, Gardner Auto Co.
    "Edith M. Shurtliff      By W. W. Fitzsimmons.
                            Lessee, Bronislaw Nicksa. [Seal.]"

It was also in evidence that "Nicksa was taught by Fitzsimmons how to operate the car during the first week after its delivery and the execution of said writing. After that, Nicksa himself always drove the car and no one else drove it up to and including the time of the accident and all payments were made as they fell due. When not in use, the car was kept in the Gardner Automobile Company's garage and the company knew that Nicksa was operating it. At the time of the accident, the automobile was registered in the name of Bronislaw Nicksa and not in the name of the Gardner Automobile Company."

The presiding judge in the Nicksa case ruled "that the registration under the facts in this case was a legal registration," and directed a verdict for the defendant in that case as well as in the other. The legality of the registration of the car is the only question raised by the exception of the plaintiff to this ruling and order.

The agreement in the form of a lease is plainly a conditional sale. The amount agreed to be paid in instalments called "rent" when fully paid obligates the "lessor" to transfer the title to the

"lessee" when the last payment shall have been made "within the term of the lease," and it is expressly provided that "all money paid as rent therefor shall be applied and accepted toward such purchase" and that the price of the car shall be $317.70, coincidentally, the same sum of money which the lessee by signature and seal promises to pay. *Bailey* v. *Hervey,* 135 Mass. 172. *Lee* v. *Gorham,* 165 Mass. 130. *McCarthy* v. *Henderson,* 138 Mass. 310. *Smith* v. *Aldrich,* 180 Mass. 367. *Hervey* v. *Rhode Island Locomotive Works,* 93 U. S. 664, 672.

It is settled that a vendee in possession of personal property under a contract of conditional sale or lease, who has committed no breach of the terms of that contract, has a special property which he can sell or mortgage. *Keepers* v. *Fleitmann,* 213 Mass. 210. *Dame* v. *C. H. Hanson & Co. Inc.* 212 Mass. 124. *Federal Trust. Co.* v *Bristol County Street Railway,* 222 Mass. 35, 47.

It was decided in *Downey* v. *Bay State Street Railway,* 225 Mass. 281, that the word "owner" in the St. of 1909, c. 534, § 2, as amended by St. 1912, c. 400, "includes, not only persons in whom the legal title is vested, but bailees, mortgagees in possession and vendees under conditional contract of sale who have acquired a special property which confers ownership as between them and the general public for the purposes of registration."

It follows that the ruling of the judge and the direction of the verdict were right.

*Exceptions overruled.*