SIMON VORENBERG *vs.* AMERICAN HOUSE HOTEL COMPANY
& another.

Suffolk.    November 20, 1922. — June 25, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, & CARROLL, JJ.

*Sale,* Conditional.    *Receiver.*

A dealer delivered furniture to the proprietor of a hotel under a contract in writing of conditional sale in which it was provided that title to the goods was to remain in the dealer until the full amount of the agreed price was paid, and that, upon a default of payment of " rent " continuing for more than thirty days, the dealer might " without demand or notice, or being deemed guilty of trespass or tort, and without thereby rendering itself liable to refund any sum received by it as rent aforesaid . . . remove said articles." The hotel proprietor having defaulted in performance, the dealer, in accordance with the terms of the contract, made a demand and gave notice and, thirty days later, entered upon the hotel premises and, with the assent and assistance of the proprietor, marked each article of furniture as his property and then left the goods where they were found, thereafter paying insurance upon them. More than two months later a receiver, appointed in proceedings against the proprietor of the hotel, found the furniture on the premises and claimed title to it. *Held,* that

(1) The acts of the dealer after default constituted a taking possession of the goods;

(2) The act of the dealer in taking possession terminated the contract of conditional sale;

(3) A stipulation in the contract that, in the event of the removal of the goods by the dealer because of the default of the hotel proprietor, the dealer could sell the goods " and may apply the proceeds after payments of cost and expense of finding, moving, keeping and selling them to the payment of the unpaid balance of the full purchase price including interest, rendering the surplus, if any," to the hotel proprietor, did not require the dealer to sell the goods;

(4) As the proprietor of the hotel had no right in the property after possession had been taken by the dealer, the receiver acquired no rights therein;

(5) It was not necessary that the dealer should remove the property, he having taken possession of it and it being delivered to him by agreement of all parties.

BILL IN EQUITY, filed in the Superior Court on February 3, 1921, by a creditor of American House Hotel Company, a Massachusetts corporation, seeking the appointment of a receiver.

An interlocutory decree was entered on February 7, 1921, by order of *Wait*, J., appointing Emil Camus and Daniel F. Cunningham receivers. On April 16, 1921, the receivers filed an interlocutory report, alleging that, among the property and effects of the corporation, " they found a large amount of furniture and other equipment against which they are informed that one Browning K. Baker makes certain claims. They are not informed with definiteness as to the nature and amount of these claims; " and they prayed " that an order of notice issue . . . to said Browning K. Baker requiring him to appear and prove the nature and amount of said claims, or be forever barred from asserting any right, title or interest in said furniture or equipment or any part thereof," that the court would determine " what, if any, the rights of said Browning K. Baker are in the premises," and would " instruct said receivers as to their duties in connection with said furniture and equipment and said claims."

Browning K. Baker filed an answer, and the receivers' report and the answer were referred to a master. Material findings by the master are described in the opinion. The suit then was heard by *Sisk*, J., by whose order there were entered an interlocutory decree confirming the master's report and a decree, which, according to the record, *Wait*, J., ruled was a final decree, " that the American House Hotel Company forthwith turn over and deliver to said Browning K. Baker the goods and merchandise named and set forth in Class ' A ' and Class ' C ' of said master's report," being the furniture in question.

The receivers appealed.

*E. O. Proctor, (S. T. Crawford* with him,) for the receivers.

*F. Juggins, (R. E. Evans* with him,) for Baker.

CARROLL, J. On the petition of Simon Vorenberg, receivers of the American House Hotel Company were appointed by a decree of the Superior Court, dated February 7, 1921. The case is before us on an appeal by the receivers from a decree of the Superior Court on a prayer in an interlocutory report filed by them in reference to certain furniture claimed by the respondent Baker, doing business under the name of Page and Baker Company.

Baker and the American House Hotel Company made a contract for the conditional sale of furniture, to be furnished by Baker. The contract provided that the title to the property was in the vendor and he was to remain the " absolute owner of the same until the full price for all the aforesaid goods is fully paid." The master found that on delivery of each article a bill was received by the hotel company stating: " It is expressly agreed . . . that title to goods listed below is to remain in the vendor until the full amount of the agreed price is paid; " that payments on account of goods delivered under the contract, amounting to $15,206.21, have been made, leaving a balance of $8,921.40, which is still due. In October, 1920, as the hotel company had paid only a part of the amount called for under the contract, Baker made a written demand for the balance due, submitting therewith an itemized statement showing the exact amount unpaid. On November 20, of that year, Baker went to the American House and notified Jones, the manager and treasurer of the hotel company, that he had come to take possession of his property and to identify and mark it. On that day, and on several days following, Baker, with the assent of Jones and the assistance of the hotel housekeeper, marked each article delivered under the contract of conditional sale with a paper label, bearing the words " Property of Page & Baker Co." printed in large type. The labelled goods were left where they were found and the hotel company continued to use them without further interference by Baker. In January, 1921, insurance on this furniture was renewed and the premium paid by Baker; previous to this time it had been paid by the hotel company. The decree from which the receivers appealed ordered that the furniture be delivered to Baker.

The written agreement executed by the hotel company and Baker was a contract of conditional sale. *Hurnanen* v. *Nicksa*, 228 Mass. 346. It provided that upon default of payment of " the said rent, . . . and said default continuing for more than thirty (30) days, or to keep and perform any and all other terms and conditions of this agreement, the said Page & Baker Co., or its representatives, may without

demand or notice, or being deemed guilty of trespass or tort, and without thereby rendering itself liable to refund any sum received by it as rent aforesaid . . . remove said articles." The buyer having defaulted, the seller could take immediate possession. *Russell* v. *Martin,* 232 Mass. 379.

The master found that the hotel company failed to pay the instalments due under the contract; that when demand was made for the balance due, the representative of the buyer assented to the entry of Baker and to his marking and labelling the goods as his property. This action constituted a taking possession under the agreement. The case at bar is governed by *C. B. Cottrell & Sons Co.* v. *Carter, Rice & Co.* 173 Mass. 155. See *Hubbard* v. *Bliss,* 12 Allen, 590; *Whittle* v. *Phelps,* 181 Mass. 317.

The act of Baker in taking possession of the property with the consent of the buyer terminated the contract of conditional sale. The stipulation in the contract that in the event of the removal of the goods by Baker because of the hotel company's default, Baker could sell the goods " and may apply the proceeds after payments of cost and expense of finding, moving, keeping and selling them to the payment of the unpaid balance of the full purchase price including interest, rendering the surplus, if any, to the American House Hotel Co. or its representatives " did not require Baker to sell the furniture. By assenting to the delivery of the property to Baker because of the breach of the agreement, the buyer's rights under the agreement were extinguished and Baker was not obliged to sell the goods and pay the surplus to the hotel company or the receivers. See *Lorain Steel Co.* v. *Norfolk & Bristol Street Railway,* 187 Mass. 500, 506; *Hoe* v. *Rex Manuf. Co.* 205 Mass. 214. As the hotel company had no right in the property after possession had been taken by Baker, the receivers acquired no rights therein. *Hills* v. *Parker,* 111 Mass. 508.

The findings of the master show that Baker made a written demand on the hotel company for the balance due; that he submitted an itemized statement of the exact amount unpaid; and that he informed the manager of the hotel

company that he came to take possession of his property, and to identify and mark it. It was not necessary that he should remove the property. He did in fact take possession of it, and by agreement of all the parties it was delivered to him.

The decree of December 8, 1921, ordering the return to Baker of the goods and merchandise set forth in Class A of the master's report, is affirmed with costs.

*Ordered accordingly.*