SECURITY CO-OPERATIVE BANK OF BROCKTON *vs.* HOLLAND FURNACE COMPANY.

Plymouth. January 16, 1931. — January 29, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Sale,* Conditional: heating apparatus. *Mortgage,* Of real estate.

The part of G. L. c. 184, § 13, providing that no conditional sale of the kind therein referred to "shall be valid as against any mortgagee" unless the provisions of the statute are complied with, must be inter-

preted in the light of the provisions of G. L. c. 183, § 4, to the effect that an unrecorded conveyance of real estate in fee simple shall not be valid as against any person except the grantor, his heirs and devisees and persons having actual notice of it.

If the vendor in a contract of conditional sale of certain heating apparatus consisting of a hot air furnace, registers and equipment incidental thereto, which was "installed" in a certain building, by reason of a breach of the contract in good faith and without actual or constructive knowledge of a mortgage of the real estate removed the apparatus from the building after the execution of the mortgage but before it was recorded, such mortgagee, although the contract was not recorded under the provisions of G. L. c. 184, § 13, and he had no knowledge of it, cannot maintain a bill in equity to compel such vendor to restore the apparatus to the building, the mortgage not being valid as against the vendor at the time the heating apparatus was removed, and he by removing it having violated no duty he owed to the mortgagee.

BILL IN EQUITY, filed in the Superior Court on April 2, 1929, and described in the opinion.

The suit was heard by *Collins,* J. Material facts found by him are stated in the opinion. A final decree was entered dismissing the bill. The plaintiff appealed.

*C. G. Willard,* for the plaintiff.

*J. E. O'Connell,* for the defendant.

SANDERSON, J. This is a bill in equity wherein the plaintiff, a mortgagee, alleges that the defendant without right removed from a building a heater or furnace and certain of its connecting parts, and asks that the defendant be ordered to restore the same to the building, and for damages.

The record contains no report of evidence but the trial judge made the following findings of fact: "The defendant sold to one Bruno under a written contract of conditional sale, certain heating apparatus consisting of a hot air furnace, registers and equipment incidental thereto, hereinafter called, for the purpose of brevity, 'apparatus.' This apparatus was installed by the defendant in premises owned, at the time of said installation, by Bruno, which premises consisted of land with a dwelling-house thereon, numbered 181–183 Florence Street in the city of Brockton. No notice of the conditional sale, as provided in G. L. c. 184, § 13, was recorded. Bruno defaulted in certain payments due under

the contract, and some time during the month of September, 1928, requested the defendant to remove the apparatus. The defendant, acting under its contract, did remove the apparatus on September 29, 1928. The plaintiff is the holder of a valid mortgage on said premises, in which mortgage one Voci appears as the mortgagor. This mortgage was executed on September 21, 1928, and recorded in the Plymouth Registry of Deeds on October 6, 1928. The plaintiff had no knowledge as to the existence of the conditional sale hereinbefore described, at the time of the execution of said mortgage. It first learned of this contract after the apparatus had been removed by the defendant. When the defendant removed the apparatus on September 29, 1928, it had no actual or constructive knowledge concerning the plaintiff's mortgage. The plaintiff and the defendant acted in good faith in the transactions based on the foregoing facts. At the time of the removal of the apparatus, the plaintiff was the holder of an unrecorded mortgage, and the defendant was the holder of a contract of conditional sale of which no notice was recorded. Upon the foregoing facts I find and rule that the plaintiff is not entitled to maintain its bill." The plaintiff appealed from a final decree dismissing the bill without costs.

G. L. c. 184, § 13, applies only to articles of personal property within the classification therein mentioned which are afterwards " wrought into or attached to real estate." The record discloses no finding that the heating apparatus was wrought into or annexed to the realty, unless that can be inferred from the finding that the apparatus was installed in the premises of the owner. But, if it be assumed that the latter finding carries with it the implication that some part of the apparatus was annexed to the realty, we cannot say that the conclusion reached by the trial judge was wrong. The conditional sale agreement was valid between the purchaser and the defendant. The purchaser defaulted in payment and requested the defendant to remove the apparatus and it was removed before the mortgage to the plaintiff was

recorded and before the defendant had notice of such a mortgage. The part of G. L. c. 184, § 13, providing that no conditional sale of the kind therein referred to " shall be valid as against any mortgagee " must be interpreted in the light of the provisions of G. L. c. 183, § 4, to the effect that an unrecorded conveyance of real estate in fee simple shall not be valid as against any person except the grantor, his heirs and devisees and persons having actual notice of it. Under the circumstances disclosed by the findings the mortgage was not valid as against the defendant at the time the heating apparatus was removed, and by removing it the defendant violated no duty it owed the plaintiff.

In *Waverley Co-operative Bank* v. *Haner,* 273 Mass. 477, the court held that the rights of the seller under a duly recorded conditional contract of sale of heating apparatus intended to remain permanently in a building and wrought into and attached to it were subordinate to those of the holder of a valid mortgage of the real estate executed and recorded before the recording of the notice of conditional contract of sale. The plaintiff has sought in its brief to establish an equitable right in its favor because of its reliance in making the loan upon the fact that the heating apparatus was then in the premises, but there is nothing in the record to justify the statement that the plaintiff was so influenced. We do not intend to intimate that its rights would be different upon the facts found if it had also appeared that the presence of the heating plant was one of the facts taken into consideration by the plaintiff in making the loan.

*Decree affirmed with costs.*