*Southern District*

*Third District Court of Bristol*

No. 3275

## MANUEL P. DaROCHA

v.

## WILLIAM B. MACOMBER

*Cox, J.* This is an action of contract commenced by writ dated December 6, 1951. The plaintiff's declaration contains four counts. Count 1 is for the recovery of rent of certain personal property. Counts 2 and 3 are for the recovery of $4,000 for breach of a written instrument relating to the same personal property. Count 4 is *quantum meruit* to recover $4,000 alleged to be the price of the personal property. The answer contains a general denial, a denial of the plaintiff's title, and averments of payment and of fraud.

**The critical question for decision is whether the written instrument signed by both the parties was a lease or conditional sale of personal property.**

The significance of the question is that if the document is a contract of conditional sale the plaintiff is entitled to recovery in *quantum meruit* for the price of the goods, and if it is a lease, then he is entitled to recover only for the rent unpaid at the time the action was commenced.

The agreement was as follows:

"AGREEMENT made this 20th day of September, 1951 by and between Manuel P. DaRocha and William B. Macomber.

"Whereby the said DaRocha leases unto the said Macomber four pool tables with cues, racks, pool and billiard balls, benches, show cases, electric fixtures and supplies, and by this agreement meaning and intending to transfer and lease unto the said Macomber all materials and equipment used in the business now conducted by me as a pool room and billiard parlor at 866 South Water Street. In consideration of which the said Macomber agrees to pay to the said DaRocha the sum of Thirty-five ($35) Dollars per week for the term of this lease which term shall be for one year from the date of these presents, and the said Macomber shall have an option to renew the within lease for a similar period under the same terms and conditions herein contained.

"It is understood and agreed by the parties hereto that of the Thirty-five ($35) Dollars per week paid by the said Macomber to the said DaRocha, the sum of Twenty ($20) Dollars shall be applied toward the purchase of said leased property, the purchase price of which being Four Thousand ($4000) Dollars. When said payments of Twenty ($20) Dollars per week equal or total Four Thousand ($4000) Dollars, said leased equipment and materials shall thereupon belong to the said Macomber free and clear of all claims of the said DaRocha or anyone claiming under him.

"It is further understood and agreed between the parties hereto that in the event that the said Macomber without fault on his part should be evicted from the premises at 866 South Water Street, that these presents shall become null and void at the option of the said Macomber, and the payments of Twenty ($20) Dollars aforesaid toward the purchase of said leased equipment shall be returned in full by the said DaRocha to the said Macomber upon demand by the said Macomber.

"It is further understood and agreed by the parties hereto that if the rent of the premises now occupied by the said DaRocha at 866 South Water Street is increased during the term of this lease or any renewal thereof, that the said Macomber may at his option declare this agreement null and void and all payments stipulated herein shall thereupon cease.

"Witness our hands and seals this 20th day of September, 1951.

Daniel S. Lowney, Jr.
 to both

 Manuel P. DaRocha
 William B. Macomber"

The trial judge found that no fraud had been practiced upon the defendant. The judge held that ". . . the agreement should be construed as a lease of certain personality for $35 per week during its existence, and that if the defendant should see fit to exercise his right of renewal suf-

ficiently long enough to permit him to pay in the sum of $4000 by the continued application of the $20 weekly installments, that he would be in a position in some manner to claim title or to enforce the plaintiff to transfer title to him. This, however, would seem to depend upon the exercising by the defendant of his rights to renew the lease. I rule that even though in some respects the agreement has the appearance of a conditional sales agreement, that in a strict legal sense, it is not such and that it is a lease or rental of personalty payable in weekly installments of $35, with a right of renewal in the lessee, and the eventual right to claim ownership as above indicated."

As the defendant made only the first payment of $35 the judge found for the plaintiff in the sum of $280 that being the sum of eight installments which had become due prior to the commencement of the action.

The defendant was not evicted from the premises nor was the rent increased by the landlord. The judge so found.

Although the agreement is framed in the language of a lease, the contract nevertheless was a conditional sale agreement. *Schmidt* v. *Ackert*, 231 Mass. 330, 332. See also *Smith* v. *Aldrich*, 180 Mass. 367. *Hurnanen* v. *Nicksa*, 228 Mass. 346, 348, 349. *Russell* v. *Martin*, 232 Mass. 379, 382. *Vorenberg* v. *American House Hotel Co.*, 246 Mass. 108, 110. *Giligian* v. *New England Truck Co.*, 265 Mass. 51, 54.

The defendant received the goods and has broken his contract. There has been no breach on the part of the plaintiff. The plaintiff is, therefore, entitled to the entire sum declared for in the *quantum meruit* count. *Smith* v. *Aldrich*, 180 Mass. 367, 369.

The defendant having breached the contract the plaintiff had a clear legal right to elect as he did to sue for the price rather than for the return

of the goods. *Smith* v. *Aldrich,* 180 Mass. 367. *Whitney* v. *Abbott,* 191 Mass. 59, 63. *Schmidt* v. *Ackert,* 231 Mass. 330, 332, 333. *Vorenberg* v. *American House Hotel Co.,* 246 Mass. 108. *Commercial Credit Corp.* v. *Gould,* 275 Mass. 48, 53, 54. *A & H Finance Corp.* v. *Goldman,* 293 Mass. 112.

A report was requested by both parties because of the refusal of the judge to grant certain of their respective requests for rulings of law. The only question being the one already described, it is sufficient to say that it was error to have denied the plaintiff's first request that the agreement was a conditional sale agreement and the plaintiff's fourth request that as the defendant refused to make the agreed payments the plaintiff has the right to recover the balance of the purchase price.

The finding of the trial judge is to be vacated. As only $20 has been paid on account of the purchase price of the chattels an order is to be entered giving the plaintiff judgment in the sum of $3,980 with interest from the date of the writ, there being no evidence of an earlier demand.

★ ★ ★

*Editor's Note*

A *conditional sale* is fundamentally a bailment with a right in the bailee to acquire absolute title by the performance of certain conditions precedent such as the payment of a certain sum of money or the like. It gives the conditional purchaser a special interest in the property, but its title remains in the seller until the conditions precedent are performed. *Lehan* v. *North Main St. Garage, Inc.,* 312 Mass. 547, 550. Until default, the conditional purchaser may transfer his interest without being guilty of conversion. *Hyland* v. *Hyland,* 278 Mass. 112; *Sallinger* v. *Collateral Loan Co.,* 215, 266. But he cannot pass title to the property even to a bona fide purchaser without notice. *Bousquet* v. *Mack Truck Co.,* 269 Mass. 200. But see: *Tripp* v. *Nat. Shawmut Bank,* 263

Mass. 505 (Conditional seller estopped to assert title by clothing conditional purchaser with appearance of right to sell). However, he has a right to sell the property when the conditional seller either expressly or impliedly assents to such right. *Spooner* v. *Cummings*, 151 Mass. 313. Upon a breach of condition, the conditional seller is entitled to possession as against the conditional purchaser and those claiming under him.

When a conditional seller sues for some of the installments due, *but not all*, his right to retake the personalty continues to exist because of the non-payment of those due. But 'if he sues for the entire purchase-price — all the unpaid installments — he cannot recover the property because he has elected to waive his security-title to the property — and to look only to the payment of the purchase price as performance of the condition. *Frisch* v. *Wells*, 200 Mass. 429; *Bailey* v. *Hervey*, 135 Mass. 172. ONLY SO LONG AS PART OF THE BALANCE OF THE PRICE IS DUE AND PAYABLE, and not the subject of suit, CAN HE REPOSSESS THE PERSONALTY.

Ordinarily, if the conditional vendor repossesses the personalty, he disaffirms the sale and can not recover the unpaid balance. However, a provision in a contract of conditional sale, that on default of any one installment the unpaid balance of the purchase price shall become due and the conditional vendor may retake the goods and recover the balance as liquidated damages is valid. *Viking Sprinkler* v. *Teale*, 286 Mass. 13. But see: G.L. (Ter. Ed.) c. 255, §§ 11-14.

A conditional purchaser who is a minor may recover any installments made. But where both seller and purchaser are minors in a contract of conditional sale, the conditional purchaser may not recover any money paid. *Drew* v. *Curtis*, 183 Mass. 317; *Knudson* v. *Gen. M. Sales Co.*, 230 Mass. 54.

There is no conditional sale unless there is an express understanding that the seller shall retain the title until the purchaser performs certain conditions — for example, payment of the purchase price. The seller, however, has only the bare general title, the right of possession is in the purchaser and upon breach of the condition, the seller becomes entitled to the possession and may recover the specific goods from the purchaser, or his assigns or may sue in conversion for the value after demand and refusal.

Upon the purchaser's default, a conditional seller may retake the personalty peaceably or by a writ of replevin. At common law, a defaulting purchaser had no further rights but today, by G.L. (Ter. Ed.) c. 255, §§ 11-14, he has many rights including a right to redeem the personalty within fifteen (15) days of the seller's taking possession by paying the full amount of the balance of the purchase price, plus interest and expenses. *Brown* v. *Goldthwaite Co.*, 186 Mass. 51.

At common law the risk of loss was on the conditional seller but by G.L. c. 106, § 24, such risk falls on the purchaser so long as the seller has not retaken possession.

There are many formalities now required by G.L. (Ter. Ed.) c. 255, §§ 11-14 in order to effect a valid conditional sale. The provisions of these states cannot be waived. *Berry* v. *Levitan*, 181 Mass. 486.

A creditor of a conditional purchaser may attach the personalty while the purchaser has its possession without being guilty of its conversion. The seller cannot maintain an action of trover because he has neither actual possession nor the right to immediate possession. Should a default occur after the attachment, the creditor may cure it and preserve his attachment lien. *Keepers* v. *Fleitman*, 213 Mass. 445.

Conditional sales need not be placed upon any public record except (a) those given for security must be recorded within fifteen (15) days to be valid as against third persons, the same requirements as mortgages of personalty. *Leahy* v. *George*, 273 Mass. 130; *Worc. Morris Plan Co.* v. *Mader*, 236 Mass. 435. (b) those involving heating apparatus, plumbing goods, ranges and other personalty are afterwards wrought into realty whether or not a fixture at common law are not valid against any mortgagee, purchaser or grantee unless recorded in the registry within ten (10) days after delivery of the personalty. G.L. c. 183, § 13; *Security Co-op. Bank* v. *Holland Co.*, 274 Mass. 389.