MANUEL P. DaROCHA *vs.* WILLIAM B. MACOMBER.

Bristol.    October 28, 1953. — December 8, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Personal Property,* Lease. *Sale,* Conditional sale. *Contract,* Construction.

A certain ambiguous and vague written contract pertaining to pool room equipment was a lease of the equipment binding the lessee only to make specified weekly payments constituting rent, and was not a contract of conditional sale of the equipment binding him to purchase it for a stated price, notwithstanding mention of such price therein and provisions for application of a portion of the weekly payments toward such price and for the equipment becoming his property when the total of the sums so applied should equal such price.

CONTRACT. Writ in the Third District Court of Bristol dated November 6, 1951.

The action was heard by *Taveira,* J.

In this court the case was submitted on briefs.

*Daniel S. Lowney, Jr., Edward J. Harrington, & Edward J. Harrington, Jr.,* for the defendant.

*Fred M. Thomas & George M. Thomas,* for the plaintiff.

RONAN, J.    In this action of contract, the plaintiff in the first count of the declaration seeks to recover rent of

pool room equipment, in the second and third counts to recover $4,000, the purchase price of the said equipment, and in the fourth count to recover the fair and reasonable value of the same equipment. The judge construed the contract as a lease and found for the plaintiff upon the first count in the sum of $280, which was for eight weeks' rent due at the commencement of the action at the rate fixed by the written contract. He found for the defendant on the remaining counts. The Appellate Division decided that the contract was a conditional sale of the equipment and ordered judgment in favor of the plaintiff for $3,980 as the balance due after crediting the defendant with the sum of $20 which was the only payment he had made. The defendant appealed from the decision of the Appellate Division.

The parties entered into a written contract on September 20, 1951. The first paragraph provides that the plaintiff leases to the defendant certain personal property including pool tables, show cases, electric fixtures and supplies, intending to lease to the defendant all materials and equipment used by the plaintiff in conducting a pool room in certain premises in New Bedford. In consideration of leasing the property, the defendant agrees to pay $35 a week for the term of the lease which shall be for the term of one year. The defendant shall have an option of renewal for a similar period under the same terms and conditions. The second paragraph provides that out of the weekly payments the sum of $20 shall be applied toward the purchase price of said leased property, the purchase price of which is $4,000. When the total of these $20 payments equals said price, said leased equipment shall become the property of the defendant. According to the third paragraph of the contract, if the defendant is evicted from the premises the contract shall become null and void and the total of the $20 payments shall be returned to the defendant by the plaintiff. By the fourth paragraph, in the event that there is an increase in the rent of the premises, the defendant may declare the lease null and void and all payments shall cease.

This agreement is ambiguous and vague. It lacks clarity in many respects but it is not unintelligible. It is not too indefinite for enforcement although difficult of satisfactory interpretation. It is not surprising that the parties do not agree upon its meaning. *Bray* v. *Hickman,* 263 Mass. 409. *Maksymiuk* v. *Puceta,* 279 Mass. 346.

The plaintiff contends that the weekly payments of $35 were for the use of the personal property but that $20 of these payments was to be applied to the purchase price of the property, while the defendant contends that $15 of these $35 payments was to be paid by the plaintiff to one Arruda, the owner of the premises, and the balance toward the purchase of the equipment. The defendant made no payments to the plaintiff other than the first one of $35, and he thereafter continued in possession of the pool room paying the rent to Arruda. The judge found that the $35 weekly payments were for the rent of the personal property which the defendant had an option to buy if in some manner he continued to occupy the premises long enough under some arrangement so that the $20 payments would equal the purchase price.

The original term of the lease of the personalty was for a year and the defendant had "an option to renew the within lease for a similar period under the same terms and conditions . . . ." The option, if exercised, would only grant the defendant the right of use for the additional period of one year. *Cunningham* v. *Pattee,* 99 Mass. 248. *Gannett* v. *Albree,* 103 Mass. 372. *Marsylak* v. *Fox,* 260 Mass. 127. If all the payments required by the lease were made toward the total of $4,000, the defendant would have paid only $1,040 during the original term or $2,080 in all if the lease had been renewed. The written contract made no provision for the payment of the difference between $4,000 and the total of the $20 payments. The defendant never agreed to make any payment except during the initial term of one year. He never agreed to make any additional payments. The defendant did not exercise the option to renew the lease. The fact is that he never absolutely agreed to pay

$4,000 for the personalty. The plaintiff could not complain because the defendant did not renew the lease. The plaintiff agreed to sell but it was optional with the defendant whether he would purchase.

That there was no obligation upon the part of the defendant to make any payments to the plaintiff other than during the time the defendant was using the personal property under the lease, is confirmed by the provision contained in the lease to the effect that, if such use was interrupted by the eviction of the defendant by the landlord, all the $20 payments were to be refunded by the plaintiff. Even the obligation to make the weekly payments was limited to the period fixed by the lease. It was further limited by the right given to the defendant to terminate the lease and free himself from any requirements to make any subsequent payments to the plaintiff during the period of the lease, if within that time the landlord increased the defendant's rent. The defendant has not been evicted and there was no evidence that the rent had been increased.

The plaintiff contends that the defendant has repudiated the contract and that he is entitled to recover the purchase price of $4,000, less the $20 payment included in the first $35 payment which is the only payment the plaintiff received. He contends that the contract constituted a conditional sale of the personal property. It is true that the plaintiff agreed to apply the $20 payments to the purchase price and the title was to pass to the defendant when the full price had been paid. There was undoubtedly a failure upon the part of the defendant to make the weekly payments during the term of the original lease but he was not required to buy the equipment and to pay $4,000 therefor for reasons already stated.

We do not think that the written contract constituted a conditional sale. The nature and substance of a written contract is to be determined by its contents and not by its title, and where its essential provisions contain the characteristics commonly found in a conditional sale contract, such as a down cash payment, the giving of promissory

notes for the balance of the purchase price, the passing of title upon the payment of the price, the effect of a failure to pay instalments due, the obligation to keep in repair, the right to repossession, and the subsequent resale, and similar matters, the contract is not a lease but one of conditional sale. See *Smith* v. *Aldrich*, 180 Mass. 367; *Hurnanen* v. *Nicksa*, 228 Mass. 346; *Schmidt* v. *Ackert*, 231 Mass. 330; *Russell* v. *Martin*, 232 Mass. 379; *Vorenberg* v. *American House Hotel Co.* 246 Mass. 108; *Giligian* v. *New England Truck Co.* 265 Mass. 51. The contract here lacks nearly all of these indicia which identify a conditional sale. The provision for the passing of title in the present contract lacks it usual significance because the making of all payments in accordance with the contract would not bring about the full payment upon which the title was to pass. It is one where the defendant was not bound to buy and where he could stop making any payments upon the expiration of the lease.

The trial judge was right in construing the contract as a lease and in finding for the plaintiff for the amount of the rental of the personal property due at the date of the writ. The decision of the Appellate Division was wrong. This decision is reversed and judgment is to be entered in accordance with the amount found by the trial judge together with interest from the date of the writ.

*So ordered.*