*Southern District*

*Third District Court of Bristol*

No. 7137

**MANUEL P. DaROCHA**

**v.**

**WILLIAM B. MACOMBER**

*Sgarzi, J.* The plaintiff in this action of contract filed a declaration in six counts alleging (1) breach of written agreement, (2) sale of certain personalty, (3) quantum meruit for the sale of certain personalty, (4) quantum meruit for rental and leasing of certain personalty, (5) rental of certain personalty for a specified period of time, (6) rental of certain personalty for another specified period of time. The defendant's answer is a general denial, allegation of payment, fraud, res judicata, and denial of title in the defendant.

There was introduced in evidence a written contract between the parties dated September 20, 1951 by the terms of which the plaintiff leased to the defendant certain personal property consisting of pool tables and other equipment used by the plaintiff in conducting a pool room in certain premises in New Bedford. The defendant agreed to pay $35.00 per week for one year, which was the term of the lease. The lease further provided that the defendant had an option to renew for an additional period of one year under the same terms and conditions.

There was a further provision that out of the weekly payments the sum of $20.00 was to be applied toward the purchase of the property and when these payments had accumulated to $4000.00 the leased equipment was to become the property of the defendant. In the event that the defendant was evicted from the premises by the landlord or in the event that the rent of the premises was increased, the defendant had the right to declare the lease null and void and all further payments were to cease. The premises were owned by one Arruda and there was no evidence that he attempted to evict the defendant or increase the rent during the term of the lease.

In a prior action brought by this plaintiff against this defendant by writ dated November 6, 1951 the court construed the contract as a lease rather than a conditional sale agreement and allowed recovery in the sum of $280.00 representing eight weeks rental due up to the time of commencement of that action. This finding was made on the first count of the declaration and was sustained by the Supreme Judicial Court in *DaRocha v. Macomber,* 330 Mass. 611. The judge in that action found for the defendant on Counts 2, 3 and 4 which were substantially the same as Counts 1, 2 and 3 in the present declaration.

There was further evidence in this case that from December 31, 1951 to May 12, 1952 the "store" was closed and the equipment was not in use, that the defendant attempted to return the key to the plaintiff and to the landlord but that both of them refused to accept it. This however, was denied by the plaintiff. The defendant on advice of counsel reopened the establishment on or about April 12, 1952 and it remained open until May 7, 1952.

The defendant testified that on May 5, 1952 he told the plaintiff that he was through and was getting out immediately and the plaintiff told him to give the key back to the landlord.

This also was denied by the plaintiff. On or about May 7, 1952 the defendant gave the key to his attorney with instructions to return it and did not operate the business again thereafter. The plaintiff made no attempt to see the defendant or the landlord after May 7, 1952 nor did he attempt to operate the business or lease it to another.

The defendant seasonably filed thirteen requests for rulings of law of which the following were denied:

2. As a matter of law, judgment should be entered for the defendant on Count 1 of the plaintiff's declaration as *res judicata.*

3. As a matter of law, judgment should be entered for the defendant on Count 2 of the plaintiff's declaration as *res judicata.*

4. As a matter of law, judgment should be entered for the defendant on Count 3 of the plaintiff's declaration as *res judicata.*

7. As a matter of law, judgment should be entered for the defendant on Count 5 of the plaintiff's declaration as a relation of landlord and tenant did not exist between the parties and it is necessary that such a relationship should exist to enable the plaintiff to recover in an action setting forth a common count for rent.

9. If the court finds, that the plaintiff breached the agreement with the defendant, there was a duty on the part of the defendant to mitigate damages.

10. The evidence warrants a finding that the defendant did nothing to mitigate damages, and if he is entitled to recover, the damages should be limited to the breach.

11. The evidence warrants a finding that the plaintiff was not damaged by the defendant's breach and if he is entitled to recover it should be for a nominal amount.

12. There is no evidence as to the fair and reasonable use of the plaintiff's property by the defendant and judgment should be for the defendant.

13. As a matter of law, judgment should be entered for the defendant on Count 4 of the plaintiff's declaration as *res judicata.*

The plaintiff filed three Requests of which the following were allowed:

1. If the rent was not increased after September 20, 1951 to the premises at 856 South Water Street, New Bedford, Massachusetts, and the defendant was not evicted from the premises after that date and the plaintiff is entitled to recover the rent due him under the agreement.

2. The agreement declared on is an agreement for weekly rent which the defendant is obliged to pay to the plaintiff.

The Court made the following findings of fact: "This is an action of contract begun by writ dated December 14, 1953. The plaintiff's declaration is in six (6) counts and wherein he seeks to recover for

rent under a written agreement dated September 30, 1951 for premises and equipment located at 866 South Water Street, New Bedford, Massachusetts.

"The basic facts in the case were previously adjudicated upon a writ dated November 6, 1951. The decision of the judge of this Court was confirmed in an opinion handed down by the Supreme Court for the Commonwealth on December 8, 1953. The legal import of the provisions of the agreement between the parties is governed by this decision. At the time of the original suit, rent was due for eight (8) weeks. In that case judgment was entered for the plaintiff for $280.00. The Court also found that "the obligation to make weekly payments was limited to the period fixed by the lease." The only two legal impediments to recovery by the plaintiff for the balance of the year period were (1) an eviction of the defendant; and (2) an increase in basic rental. Neither of these conditions occurred during the year period.

"Upon all the evidence I find that the defendant is indebted to the plaintiff for the balance of the year term.

"At the close of the case and before final argument, both parties filed requests for rulings. Of the defendant's requests for rulings No. 1 is allowed; 2, 3 and 4 are disallowed; 5 and 6 are allowed; 7 is disallowed; 8 is allowed, 9 and 10 are disallowed, not being applicable; 13 is disallowed. Of the plaintiff's requests for rulings, 1 and 2 are allowed; 3 is disallowed, not being applicable.

"Judgment is to be entered for the plaintiff in the sum of $1540.00."

The defendant claims to be aggrieved by the denial of his requests for Rulings of Law and by the granting of the Requests of the plaintiff.

The evidence was ample to warrant the findings of the judge based upon Count 5 of the Declaration which read as follows: "The plaintiff says that the

defendant owes him the sum of $1540.00 with interest for the rent of articles of personal property described in a written agreement hereto annexed and marked A."

In these circumstances the denial of Requests No. 2, 3 and 4 becomes immaterial since the findings of the judge were not based upon the counts to which these requests relate. *Habib v. Evans,* 222 Mass. 480; *Sandler v. Silk,* 292 Mass. 493.

Request No. 7 was properly denied. The claim under Count 5 was properly pleaded and there was no requirement that a relationship of landlord and tenant be established. The language of this count brings it within the scope of a declaration on an account annexed rather than upon a common count under which a claim for rent of realty under a sealed instrument would be brought. G. L. c. 231 §147.

Requests No. 9 and 10 relate to the question of mitigation of damages and were denied by the judge as inapplicable to the facts found.

Requests No. 11 and 12 also relate to the matter of damages and were denied. In *Hall v. Paine,* 224 Mass. 62 it was said "It is a general principle of law, because it is a rule of fair dealing, that when one is deprived of the fruits of a contract, he must use the efforts of a reasonably prudent man to put himself in as good a position as he would have been in if the contract had not been abrogated. He cannot lie idly by and expect to recover all losses which such inaction may entail as damages for breach of the contract."

It is the contention of the defendant that since the plaintiff did not attempt to operate the business himself or rent the equipment to another after May 7, 1952 he is not entitled to recover the full amount of the rent but nominal damages only.

In the case of *Maynard v. Royal Worcester Corset Co.,* 200 Mass. 1 involving a contract for personal services it was said "It seems to be the generally

accepted rule that the burden of proof is upon the defendant to show that the plaintiff either found, or by the exercise of proper industry in the search, could have procured other employment of some kind reasonably adapted to his abilities, and that in the absence of such proof the plaintiff is entitled to recover the salary fixed by the contract." *Levine v. Lawrence & Co.,* 305 Mass. 210; *McNally v. Schell,* 293 Mass. 356.

The question of whether the burden of proof on the part of the defendant was sustained was one of fact for the trial judge to determine.

Since the finding of the judge was for the full amount of the rent it must be inferred that the defendant did not sustain the burden of proving by affirmative evidence that the damages could have been mitigated.

We find no prejudicial error.

*Report Dismissed.*